Dismissed and Opinion filed February 6, 2003









Dismissed and Opinion filed February 6, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-00048-CR

____________

 

ARNOLD
EUGENE GOTCH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 174th District Court

Harris
County, Texas

Trial
Court Cause No. 879,829

 



 

M
E M O R A N D U M   O P I N I O N

After a guilty plea, appellant was convicted of the offense
of possession with intent to manufacture or deliver a controlled
substance.  On May 14, 2002, in
accordance with the terms of a plea bargain with the State, the trial court
sentenced appellant to fifteen years= confinement in the Texas Department
of Criminal Justice--Institutional Division. 
On May 14, 2002, appellant filed a timely, general notice of
appeal.  This Court assigned the appeal
cause number 14-02-00485-CR.  On October
3, 2002, because appellant had not complied with the requirements of rule
25.2(b)(3) of the Texas Rules of Appellate Procedure,
this Court issued the following opinion dismissing the appeal:  








Appellant pled guilty on April 3, 2002, to the offense
of possession with intent to manufacture or deliver a controlled substance.  In accordance with the terms of a plea
bargain agreement with the State, the trial court sentenced appellant to
fifteen years= confinement in the Texas Department of Criminal
Justice, Institutional Division.  Because
we have no jurisdiction over this appeal, we dismiss.  

To invoke an appellate court=s jurisdiction over an appeal, an appellant must give
timely and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428 (Tex. Crim.
App. 2001).  Appellant filed a
timely general notice of appeal that did not comply with the requirements of
Rule 25.2(b)(3) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the punishment assessed does not exceed the
punishment recommended by the State and agreed to by the defendant, the notice
of appeal must:  (1) specify that the
appeal is for a jurisdictional defect; (2) specify that the substance of the
appeal was raised by written motion and ruled on before trial; or (3) state
that the trial court granted permission to appeal.  Id. 
The time for filing a proper notice of appeal has expired; thus
appellant may not file an amended notice of appeal to correct jurisdictional
defects.  State v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim.
App. 2000).  Because appellant=s notice of appeal did not comply with the
requirements of Rule 25.2(b)(3), we are without
jurisdiction to consider any of appellant=s
issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who
files general notice of appeal may not appeal voluntariness
of negotiated plea).  

Appellant filed a response to this
Court=s letter of intent to dismiss, stating that the record
of the plea should affirmatively attest to the trial court=s recognition that appellant did not waive his right
to appeal the adverse ruling on the motion to suppress and that the trial court
expressly gave permission to appeal this adverse ruling.

We have reviewed the record and it contains no
reference to appellant=s desire to appeal the denial of the motion to
suppress.  Furthermore, nothing in the
record indicates the trial court gave appellant permission to appeal the denial
of the motion to suppress.  Although the
trial judge made a handwritten notation on the judgment reciting the date of
filing of the notice of appeal, this is insufficient to meet the requirements
of Rule 25.2(b)(3). 
Johnson v. State, Nos. 0956-01 & 0957-01, 2002 WL 31018589 at
*2 (Tex. Crim. App. Sept. 11, 2002).

Accordingly,
we dismiss the appeal for want of jurisdiction. 









 

On October 17, 2002, appellant filed a motion for
rehearing.  On October 24, 2002, a
supplemental clerk=s record was filed containing an AOrder Nunc
Pro Tunc Regarding Trial Court=s Permission to Appeal,@ signed October 8, 2002.  Although the record was supplemented to show
that appellant did in fact have the trial court=s permission to appeal, this Court
overruled the motion for rehearing filed November 7, 2002, because the notice
of appeal did not comply with rule 25.2(b)(3). 
On January 8, 2003, appellant filed a motion to amend his notice of
appeal.  In support of the motion,
appellant cited Bayless v. State, No.
56-01, 2002 WL 31838802 (Tex. Crim. App. December 18,
2002).  We agree that pursuant to Bayless, an appellant may amend a timely general
notice of appeal at any time prior to the filing of his brief.  Id. 
However, in this case, appellant did not move to amend his defective
notice of appeal until after this Court=s plenary power had expired.  See Tex.
R. App. P. 19.1(b) (stating that plenary power of court of appeals
expires thirty days after court overrules all timely filed motions for
rehearing).  Because our plenary power
had expired approximately one month before appellant attempted to amend his
notice of appeal, we denied the motion to amend as moot on January 16, 2003.  After our plenary power expired, we could not
vacate or modify our judgment.  See
Tex. R. App. P. 19.3.  

On January 8, 2003, the same date appellant filed his motion
to amend in this Court, appellant filed a second
notice of appeal with the trial court. 
This second notice was also from the sentence imposed May 14, 2002.  In other words, appellant has attempted to
file a new appeal of the conviction despite this Court=s dismissal of his original
appeal.  On January 14, 2003, the clerk=s record in this new appeal was filed
in this Court.  The clerk=s record contains the October 8,
2002, ANunc Pro Tunc@ order, but refers this Court to
appellate cause number 14-02-00485-CR for the remaining documents.  When we received the clerk=s record, we opened the appeal under
cause number 14-03-00048-CR.  








Again, we must dismiss. 
The second notice of appeal is untimely. 
A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of
appeal which complies with the requirements of Rule 26 is essential to vest the
court of appeals with jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
Id.

If the notice of appeal filed January 8, 2003, was an attempt
to file an Aamended@ notice of appeal, it fails on that
basis as well.[1]  First, appellant=s motion to file an amended notice of
appeal was denied as moot by this Court on January 16, 2003 B we had no power to permit appellant
to file an amended notice.  Second,
according to the Texas Rules of Appellate Procedure, an amended notice of
appeal is to be filed in the appellate court. 
Tex. R. App. P.
25.2(f).  Appellant did not file the notice in this
Court.  

The appeal from the conviction in trial court cause number
879,829 has already been dismissed.  The
second notice of appeal filed January 8, 2003, is untimely.  If the notice filed January 8, 2003, was an
attempt to file an amended notice of appeal, it was without effect.  Accordingly, the appeal is ordered dismissed.[2]

PER CURIAM

Judgment rendered and Opinion
filed February 6, 2003.

Panel consists of Justices Yates,
Hudson, and Frost. 

Do Not Publish C Tex. R.
App. P. 47.2(b).











[1]              There
is no indication, other than the circumstances surrounding this case, that this
second notice of appeal was intended to be an Aamended@ notice.  It is
not entitled Aamended@ notice,
nor does it state within the body of the document that it is an Aamended@
notice.  Moreover, as we stated, the
second notice was not filed in this Court, as required for filing an amended
notice of appeal; rather, it was filed in the trial court.  Finally, the Harris County District Clerk
forwarded this case as a new appeal.





[2]              We
note that when the clerk=s record was filed in this appeal, it did not contain
certification of defendant=s right of appeal as required by rule 25.2(d).  See Tex.
R. App. P. 25.2(d).  However, given the posture of this appeal and
our disposition, we find it unnecessary to require the trial court to correct
this defect.