Deannee Ann **BAYLESS, Appellant,**

v.

The **STATE of Texas.**

No. 56–01.

Court of Criminal Appeals of Texas.

Dec. 18, 2002.

From the 354th District Court, Dallas County, Richard Beacom, Jr., Judge.

Jack L. Paris, Jr., Katherine A. Ferguson, Greenville, for Appellant.

Joel T. Hardman, Asst. DA, Greenville, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court in which PRICE, JOHNSON, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

Appellant entered into a negotiated plea with the State. Two days later appellant filed a general notice of appeal. After the time for filing the notice of appeal had expired, but prior to the filing of her brief, appellant filed an amended notice containing the notice of appeal requirements of Texas Rule of Appellate Procedure

25.2(b)(3)(West 1999).[1] The Court of Appeals dismissed the appeal for lack of jurisdiction. Because Rule 25.2(d) permits a defendant to file an amended notice of appeal any time before the defendant's brief is filed, we hold that the Court of Appeals erred in concluding that it did not have jurisdiction over appellant's case.[2]

## I.

On December 11, 1998, appellant was indicted for the offense of capital murder. Prior to trial, appellant filed several pre-trial motions, five of which were motions to quash the indictment.

On October 27, 1999, pursuant to a plea agreement with the State, appellant entered a plea of "no contest" to the lesser-included offense of murder and punishment was assessed by the trial court at 40 years imprisonment in the Texas Department of Criminal Justice, institutional division. That same day the trial court granted appellant permission to appeal its rulings on appellant's motions to quash and appointed appellant's trial counsel to represent her on appeal.

Two days later, on October 29, 1999, appellant filed a general notice of appeal expressing her "intent and desire to appeal the Judgment of the convicting court." On January 5, 2000, appellant filed an amended notice of appeal in which she stated: 1) the appeal was in part for a jurisdictional defect; 2) the substance of the appeal was raised by written motions and ruled upon in open court and by written order by the trial court prior to trial; and 3) the trial court granted appellant permission to appeal.

Appellant's brief was filed with the Court of Appeals on March 8, 2000. The Court of Appeals issued a Memorandum Opinion and Judgment dismissing appellant's appeal for want of jurisdiction. The Court of Appeals based its decision to dismiss appellant's brief on *State v. Riewe*, 13 S.W.3d 408 (Tex.Crim.App.2000). The Court of Appeals explained, "In *State v. Riewe*, the court of criminal appeals held that once an appellate court loses jurisdiction over an appeal due to the filing of a defective notice of appeal, it lacks jurisdiction to thereafter obtain jurisdiction over the appeal." *Bayless v. State*, No. 05–99–01978–CR, slip op. at 2, 2000 WL 1384797 (Dallas Sept. 26, 2000) (not designated for publication) (citations omitted). Thus, the Court of Appeals concluded, because appellant failed to amend her notice of appeal in time, it did not have jurisdiction over appellant's case. *Id.* at 3. We granted appellant's petition for discretionary review to address the following ground for review: Does Texas Rule of Appellate Pro-

---

**1.** Unless otherwise indicated, all references to "Rules" refer to the Texas Rules of Appellate Procedure.

**2.** Once a notice of appeal has been timely filed in a case, the Court of Appeals obtains jurisdiction over the case. *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990). Thus, defects in the notice that do not affect whether the instrument filed with the clerk is actually a notice of appeal do not prevent the appellate court from having jurisdiction over the appeal. Instead, they might affect the matters that are cognizable by the appellate court. 43A GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCE-

DURE § 43.252 (2d ed.2001). We recognize that in the past we have addressed the issue of whether a notice conferred jurisdiction over a court of appeals when in fact a question of jurisdiction was not at issue. *See e.g. Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994) (holding that the appellant's "general notice" of appeal under former Texas Rule of Appellate Procedure 40(b)(1) failed to confer jurisdiction on the Court of Appeals). Similarly, in the present case, the issue is not whether the jurisdiction of the Court of Appeals was invoked; it is whether the Court of Appeals had the power to address the merits of appellant's claims.

cedure 25.2(d) permit a defendant who has entered a plea pursuant to a plea bargain with the State to file an amended notice of appeal where the original, timely notice of appeal was only a general notice? [3]

## II.

Appellant argues that the Court of Appeals erred in dismissing her appeal. Specifically, appellant claims that because *Riewe* involved questions concerning a State's right to appeal, it is distinguishable from the present case and consequently should not have been relied on by the Court of Appeals. We agree.

In *Riewe*, we were asked to decide whether the State could file an out-of-time amended notice of appeal to cure a jurisdictional defect in a notice of appeal. Following an order by the court granting the defendant's motion to suppress, the State filed a notice of appeal. However, the notice failed to satisfy the requirements of Article 44.01(b) of the Texas Code of Criminal Procedure [4] in that it did not certify that the appeal was not taken for the purpose of delay and that the evidence was of substantial importance in the case. *Riewe*, 13 S.W.3d at 409. After the time for filing the notice had expired, the State filed a request to amend its notice of appeal and an amended notice containing the necessary certification. The Court of Appeals denied the State's request and dismissed the State's appeal for want of jurisdiction. In its brief to this Court, the State argued that even if its original notice of appeal failed to confer jurisdiction on the Court of Appeals, it retroactively ac-

quired jurisdiction once it filed the amended notice of appeal. *Id.* at 412. Rejecting the State's argument, we held that once the jurisdiction of a court of appeals is lost, it cannot retroactively be obtained. *Id.* at 413. We also addressed the issue of whether Rule 25.2(d) affected the State's right to file an amended notice of appeal. We concluded that because permitting the State to file an out-of-time amended notice of appeal would result in an enlargement of the State's substantive right of appeal, any amendments made pursuant to Rule 25.2(d) could not be jurisdictional in nature. *Id.* at 413–14.

We addressed an almost identical issue in *State v. Muller*, 829 S.W.2d 805 (Tex. Crim.App.1992). In *Muller* we were asked to decide whether the Court of Appeals erred by using former Rule 83 to allow the State to cure a defective notice of appeal by filing an amended notice of appeal after the time for filing the notice had expired. We explained that Article 44.01(d) not only prescribes procedural guidelines, but it limits the State's authority to appeal. *Id.* at 812 (quoting *State v. Demaret*, 764 S.W.2d 857, 858 (Tex.App.-Austin 1989, no pet.)). Under Article 44.01(d), the State has fifteen days to file an appeal. After the fifteenth day, the State's authority to appeal under the statute ceases to exist. Thus we concluded, because the Court of Appeals permitted the State to amend its notice after the fifteenth day, it impermissibly used the Rules of Appellate Procedure to "create a jurisdictional-enlarging procedure neither expressly contained nor

---

**3.** Rule 25.2(d) provides:

An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellate brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's

brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe. (West 1999).

**4.** Unless otherwise indicated, all references to "Articles" refer to the Texas Code of Criminal Procedure.

implicated by the literal text of the statute." *Id.*

■ As appellant correctly asserts, a defendant's right to appeal is governed by a different set of rules. The Rules of Appellate Procedure provide the time in which a defendant must perfect his or her notice of appeal. *See* Tex.R.App. P., Rule 26.2 (West 1999). However, while the Rules provide the procedures that a defendant must follow in order to perfect a notice of appeal, they do not establish the jurisdiction of the appellate courts. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim. App.1996). As with the State, a defendant's right of appeal is a statutorily created right. Because of this, any rules created by this Court cannot enlarge a defendant's legislatively granted right to appeal. *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994); *see also* Act of August 26, 1985, 69th Leg. ch. 685, § 1, 1985 Tex. Gen. Laws 2472. Thus, in order to determine whether Rule 25.2(d) impermissibly enlarges a defendant's substantive right of appeal, it is necessary to examine the statutes in effect immediately preceding the enactment of the Rules of Appellate Procedure in 1985.

■ Former Article 44.02[5] provided in pertinent part:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

The Code of Criminal Procedure also provided the time frame within which a defendant could file a notice of appeal. Under former Article 44.08(b),[6] a defendant's notice of appeal was considered timely if it was filed within fifteen days after either sentencing or the overruling of a motion or amended motion for new trial.[7] However, Article 44.08 also gave the courts of appeals the option of extending the filing period, "For good cause shown, the court of appeals may permit the giving of notice of appeal after the expiration of such 15 days." Tex.Code Crim. Pro. Art. 44.08(e). Thus, the time allowed for filing a notice of appeal was ultimately left to the discretion of the courts of appeals. Because there is no statutory time limit on a defendant's right to appeal, permitting a defendant to file an amended notice of appeal does not have the effect of impermissibly enlarging or modifying a defendant's statutorily created right. Accordingly, we hold that under Rule 25.2(d), a defendant is permitted to file an amended notice of appeal curing any defects in an earlier filed notice.[8]

---

**5.** By order dated December 18, 1985, this Court, pursuant to Act of August 26, 1985, 69th Leg., ch. 285, § 4, 1985 Tex. Gen. Laws 2472–2473, repealed the proviso to Article 44.02.

**6.** By order dated December 18, 1985, this Court, pursuant to Act of August 26, 1985, 69th Leg. ch. 685, § 4, 1985 Tex. Gen. Laws 2472–2473, repealed Article 44.08.

**7.** Article 44.08(b) provided: Notice of appeal shall be filed within 15 days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within 15 days after sentencing.

## III.

■ Having determined that a defendant can file an out-of-time amended notice of appeal, we now turn to the facts of the instant case to decide whether appellant's amended notice of appeal gave the Court of Appeals power to address the merits of appellant's claims.

■ A defendant's notice of appeal is timely filed if it is filed within 30 days after the day the sentence is imposed or suspended in open court, or within 90 days after the day the sentence is imposed or suspended in open court if the defendant files a timely motion for new trial. Tex. R.App. P., Rule 26.2. However, Rule 25.2(d) specifically provides that an amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed at any time before the appellant's brief is filed. Thus, the Rules are clear; if a defendant files a timely general notice of appeal, amendments to the notice can be made any time prior to the filing of the defendant's brief.

In the present case, after appellant entered into a negotiated plea with the State, she obtained permission from the trial court to appeal its rulings. Two days later, appellant filed a general notice of appeal. After the time for filing the notice of appeal had expired, but prior to the filing of her brief, appellant filed an amended notice of appeal containing the notice of appeal requirements stated in Rule 25.2(b)(3). Because appellant filed a timely general notice of appeal coupled with an amended notice of appeal satisfying the notice of appeal requirements stated in Rule 25.2(b)(3), we hold that the Court of Appeals erred in failing to address the merits of appellant's claims.

We reverse the judgment of the Court of Appeals and remand the case to that court so that the merits of appellant's claims can be considered.

WOMACK, J., concurred.

KELLER, P.J., filed a dissenting opinion in which KEASLER, J., joined.

KELLER, P.J., filed a dissenting opinion in which KEASLER, J., joined.

In *State v. Riewe*, this Court held that Rule 25.2(d) could not be used to restore jurisdiction to the Court of Appeals once that jurisdiction was lost by a failure to timely file a proper notice of appeal.[1] The Court contends that *Riewe's* reasoning was *dicta* and is inapplicable to the case at hand. But *Riewe's* reasoning was not *dicta:* while the Court *could have* decided that Rule 25.2(d) did not apply because the rule could not modify statutory timeliness requirements, the Court *did not* ground its holding on such reasoning. Instead, the Court held that "once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction."[2]

The Court now contends that Rule 25.2(b)(3) does not set forth the criteria for properly invoking appellate jurisdiction. But we held to the contrary in *White v. State*, saying that failure to meet Rule 25.2(b)(3)'s requirements "fails to invoke

---

**8.** We acknowledge that our discussion in *Riewe* indicated that as with the State, a defendant could not use 25.2(d) to cure a jurisdictional defect in a notice of appeal. However, that discussion was dicta and we decline to rely on it here.

**1.** 13 S.W.3d 408, 413 (Tex.Crim.App.2000).

**2.** *Id.*

the jurisdiction of the appellate court." [3] The Court now cites *Olivo v. State*[4] for the proposition that the appellate rules do not establish the jurisdiction of the appellate courts, but does not address *White's* discussion of *Olivo,* in which we said, "The Rules of Appellate Procedure do not establish jurisdiction of courts of appeals, but, rather, set out procedures which must be followed *in order to invoke jurisdiction over a particular appeal."* [5] Under the holdings and reasoning of *Riewe* and *White,* the Court of Appeals properly dismissed appellant's appeal.

Effective January 1, 2003, Rule 25.2 will be amended to produce the result the Court now seeks [6] but the Court of Appeals has already lost jurisdiction in this case, and amendments to the rules cannot restore jurisdiction that has already been lost.[7]

Because the Court of Appeals correctly dismissed the appeal under our previous precedents and because the imminent change in our appellate rules means this case would not significantly impact the jurisprudence of this state, I would dismiss appellant's petition as improvidently granted.

---

**3.** 61 S.W.3d 424, 428–429 (Tex.Crim.App. 2001). The Court's opinion does not mention *White.*

**4.** 918 S.W.2d 519 (Tex.Crim.App.1996).

**5.** 61 S.W.3d at 427–428 (emphasis added).

**6.** *See* 65 TEX. BAR J. 686, Rule 25.2.

**7.** *See Castillo v. State,* 689 S.W.2d 443, 444–445 (Tex.Crim.App.1984). Appellant is not without a potential remedy, as he may be able to claim ineffective assistance of counsel in an Article 11.07 application for writ of habeas corpus. *See Johnson v. State,* 84 S.W.3d 658, 662 (Tex.Crim.App.2002)(Johnson, J. dissenting); *Id.* at 673 n. 44 (Cochran, J. dissenting).