Opinion Issued October 16, 2003
















In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-00837-CR; 01-02-00996-CR;
01-02-00997-CR; 01-02-00998-CR




MISTER MARTIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Causes Nos. 706135; 706136; 706137; 706138




MEMORANDUM OPINION
         Appellant, Mister Martin, was charged by indictment with two counts of aggravated
sexual assault, and one count each of aggravated kidnapping and aggravated robbery.
Appellant pled no contest, pursuant to a plea bargain with the State, with an agreed
punishment of confinement for fifty years each for the sexual assault and kidnapping
offenses and twenty years for the robbery offense. The sentences were to run concurrently. 
The trial court accepted this agreement on January 23, 1996. On February 5, 2002, appellant
moved for post-conviction DNA testing in each case. After the State filed a written response,
the trial court entered findings of fact and denied the motion. On appeal, appellant contends
that the trial court erred in denying his motion for post-conviction DNA testing. We affirm.
BACKGROUND
           Appellant pled no contest to the charges of aggravated sexual assault, aggravated
kidnapping, and aggravated robbery pursuant to a plea bargain with the State. As appellant
waived his right to have a court reporter present, there is no statement of facts from the
original hearing. The appellant’s confession, which he now asserts was coerced by the
Houston Police Department, was the only evidence presented at the plea hearing. The
confession was videotaped; the appellant made no statements regarding coercion at that time. 
Appellant did not initially appeal his conviction. The evidence available from the State for
possible DNA testing for cause number 706135 is the following: 
           1. A piece of wood in a triangle shape;
           2. Condom w/ some unknown fluid inside wrapper;
           3. CB box w/assorted clothing;
           4. Sexual assault kit; and
           5. Uzi earring.
This evidence is within the custody of the Houston Police Department. Appellant argues
that, as the only evidence presented at his plea hearing was his confession, identity was an
issue, and exculpatory DNA evidence would have barred his prosecution or conviction. 
           Therefore, appellant complains that the trial court erred in denying his motion for
DNA testing as he fulfilled the requirements of chapter 64 of the Code of Criminal
Procedure.



DISCUSSION
Jurisdiction
           Appellant preserved appellate jurisdiction in these cases by timely filing a written
notice of appeal. A defendant must invoke the appellate court’s jurisdiction by filing a
timely, written notice of appeal within 30 days after the day the trial court enters an
appealable order. Tex. R. App. P. 25.2(a) & 26.2(a)(1); Bayless v. State, 91 S.W.3d 801, 805-06 (Tex. Crim. App. 2002). If an appellant fails to file his appeal in a timely manner, the
appeal must be dismissed for lack of jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998). 
           The notice of appeal for cause 706135 was received on October 7, 2002, seven days
after the court’s order denying DNA testing. The notice of appeal for causes 706136,
706137, and 706138 was received on September 3, 2002, 34 days after the trial court’s
appealable order. The notice of appeal in those causes is saved by rule 9.2(b) of the Texas
Rules of Appellate Procedure, which allow for a document received no more than 10 days
after the filing deadline to be considered timely if it was sent to the proper clerk via the postal
service, placed in a properly addressed envelope and stamped, and was deposited in the mail
on or before the last day of filing. Tex. R. App. P. 9.2(b)(1). The envelope had a postmark
of August 29, and the filing stamp from the mail processing deputy indicates that the letter
was received on September 3, thus placing it within the 10-day limit. 
           Appellant requests testing of the condom containing fluid, a blanket, clothing, and the
rape kit. All of these items are related solely to cause number 706135. In order to fulfill the
conditions for DNA testing, appellant must request testing of evidence that was secured in
relation to the offense that is the basis of the challenged conviction. Tex. Code Crim. Proc.
Ann. art. 64.01(b) (Vernon Supp. 2003). As appellant did not request testing of evidence
secured in relation to the offenses under causes 706136, 706137, or 706138, he is not entitled
to DNA testing in those cases. The trial court’s order is therefore upheld in causes 706136,
706137, and 706138.
Standard of Review
           In reviewing the trial court’s decision, almost total deference is given to the trial
court’s determination of historical fact issues and the application of the law to fact issues that
turn on credibility or demeanor, while this Court reviews other application of law to fact
issues de novo. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The question
of whether a reasonable probability exists that exculpatory DNA tests would prove innocence
is an application of law to fact question that does not turn on credibility and demeanor and
is therefore reviewed de novo. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).
Motion for DNA testing
           For a convicted person to be entitled to post-conviction DNA testing under chapter
64 of the Code of Criminal Procedure, the court must find that identity was or is an issue in
the case and the convicted person must show that there is a reasonable probability that he
would not have been prosecuted or convicted if exculpatory results had been obtained
through the DNA testing. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (a)(2)(A)
(Vernon Supp. 2003). 
           Appellant claims in his affidavit to the trial court that his statements and confession
were coerced. Appellant argues that, because the confession was the only evidence presented
at trial, identity is an issue in this case. However, the trial court, in its findings of fact while
ruling on the motion for DNA testing, found that identity was not an issue because (1)
appellant gave a videotaped statement confessing to the offenses; (2) appellant confessed to
counsel that he committed the offenses; (3) appellant’s confession matched the allegations
of the State; (4) appellant admitted to making the videotaped confession and to committing
the offenses; and (5) appellant did not inform trial counsel that his confession was the result
of police coercion. These findings were supported by the affidavit of appellant’s trial
counsel.


 Further, in Bell v. State, the Court of Criminal Appeals has noted in dicta that
identity is not an issue if the defendant has confessed to a crime. Bell v. State, 90 S.W.3d
301, 308 (Tex. Crim. App. 2002). Because identity was not an issue in appellant’s case, we
need not reach the issue of whether the exculpatory evidence would have shown appellant’s
innocence. 
           We hold that the trial court did not abuse its discretion in denying appellant’s motion
for DNA testing. Accordingly, we affirm the trial court’s order. 
 



                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).