11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Cody Dewayne Allen

Appellant

Vs.                   No. 11-01-00256-CR -- Appeal
from Brown County

State of Texas

Appellee

 

                                                                     On
Remand

After the
juvenile court waived jurisdiction and transferred this case to district court,
Cody Dewayne Allen pleaded guilty to the offense of burglary of a
habitation.  Pursuant to the plea
bargain agreement, the district court deferred the adjudication of appellant=s guilt and placed him on community
supervision.  Based on a subsequent
motion to adjudicate filed by the State, to which appellant pleaded not true,
the district court adjudicated appellant=s guilt and assessed his punishment at confinement for 15 years.  We affirm. 


In our
original opinion, we dismissed appellant=s appeal for failing to comply with former TEX.R.APP.P.
25.2(b)(3).  Pursuant to the directive
of the Court of Criminal Appeals, we have reconsidered our previous holding in
this case in light of Bayless v. State, 91 S.W.3d 801
(Tex.Cr.App.2002).  Based upon the
holding in Bayless, we hold that appellant=s amended notice of appeal cured the defects found in his original,
general notice of appeal.  The amended
notice of appeal was filed on March 13, 2002, after the time for filing a
notice of appeal but before appellant=s brief was filed, and it asserted that the appeal was for a
jurisdictional defect.  See
former TEX.R.APP.P. 25.2(b)(3) & (d). 








Appellant
has briefed four points of error challenging the jurisdiction of the district
court and the juvenile court.  Appellant=s jurisdictional challenges are based upon
his assertion that he was not properly served a summons to appear in juvenile
court.  We hold that appellant waived
these contentions.  Consequently, we do
not decide whether such contentions may be challenged in an appeal from a
judgment adjudicating guilt or whether they must be raised in an appeal from
the order deferring adjudication of guilt. 
See generally Woods v. State, 68 S.W.3d 667, 668
(Tex.Cr.App.2002).  

The record
shows that appellant first raised his contentions regarding the jurisdiction of
the district court and the juvenile court by filing a motion for new trial
after he was adjudicated guilty. 
Appellant=s challenge was not timely.  TEX. CODE CRIM. PRO. ANN. art. 4.18 (Vernon
Supp. 2003); Rushing v. State, 85 S.W.3d 283 (Tex.Cr.App.2002).  Article 4.18 provides in part:  

(a)  A claim that a district court or criminal
district court does not have jurisdiction over a person because jurisdiction is
exclusively in the juvenile court and that the juvenile court could not waive
jurisdiction under Section 8.07(a), Penal Code, or did not waive jurisdiction
under Section 8.07(b), Penal Code, must be made by written motion in bar of
prosecution filed with the court in which criminal charges against the person
are filed.

 

(b) The
motion must be filed and presented to the presiding judge of the court:

 

(1) if the
defendant enters a plea of guilty or no contest, before the plea;

 

(2) if the
defendant=s guilt or punishment is tried or determined
by a jury, before selection of the jury begins;  or

 

(3) if the defendant=s guilt is tried by the court, before the first witness is sworn.

Article 4.18(d)
specifically provides that, if the defendant does not timely file such a
motion, the defendant Amay
not contest the jurisdiction of the court on the ground that the juvenile court
has exclusive jurisdiction.@  Because appellant=s motion was not timely filed, his claims
were not preserved for review.  See
Rushing v. State, supra. 
Appellant=s points of error are overruled. 

The
judgment of the trial court is affirmed. 


 

October 16, 2003                                                                    JIM
R. WRIGHT

Do not publish.  See TEX.R.APP.P. 47.2(b).                            JUSTICE

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.