IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00011-CR

 

Jimmy Earl Parr,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2003-667-C

 



MEMORANDUM 
Opinion



 

          Following
a jury verdict, the trial court imposed Jimmy Earl Parr’s 17-year sentence for
robbery on December 1, 2004.  Parr
did not file a motion for new trial and filed his notice of appeal on January 11,
 2005, more than thirty
days after imposition of sentence.  Thus,
Parr’s notice of appeal is untimely.  See Tex.
R. App. P. 26.2(a)(1).  Parr filed
a motion for extension of time to file the notice of appeal on February
 17, 2005, more than
thirty days after the notice of appeal. 
Thus, Parr’s motion for extension is untimely.  Id. 26.3.

          Parr
cites Bayless v. State for the
proposition that he should be permitted to file an amended notice of appeal
which cures the previously untimely notice of appeal.  91 S.W.3d 801, 805-06 (Tex. Crim. App. 2002);
see also Tex. R. App. P. 25.2(f) (amended notice of appeal may be
filed “at any time before the appealing party’s brief is filed” without leave
of court).

          However,
Bayless itself answers Parr’s
assertion.  The Court held, “Thus, the
Rules are clear; if a defendant files a timely
general notice of appeal, amendments to the notice can be made any time prior
to the filing of the defendant’s brief.” 
Bayless, 91 S.W.3d at 806
(emphasis added).  Parr’s initial notice
of appeal was untimely.  Thus, he cannot
amend the notice to cure this jurisdictional defect.  Cf. id.;
see also Oldham v.
State, 977 S.W.2d 354, 359
(Tex. Crim. App. 1998) (Rule 2(b) may not be used to “enlarge appellate time
limits”).

          Because
Parr’s notice of appeal and his motion for extension are both untimely, the
motion is denied, and the appeal is dismissed.  See Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996).

                                                                             PER
CURIAM

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion delivered and filed March 23, 2005

Do not publish

[CR25]