NO. 07-07-0496-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 07-07-0497-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 22, 2008
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

VICTOR TYRONE APLON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 87672, 88596; HONORABLE JOHN STEVENS, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Appellant Victor T. Aplon, acting pro se, filed a document with this Court on
December 17, 2007, entitled âPetition for Acquittal and Arrest of Judgment.â Finding
reason to doubt our jurisdiction over the matters addressed in appellantâs âpetition,â we
requested by letter dated December 21 that he file any documents considered necessary
for the Court to determine our jurisdiction.


 
Â Â Â Â Â Â Â Â Â Â On January 10, 2008, in response to our letter, appellant filed a document entitled
âDetermination of Jurisdiction Petitionâ in which he references various appellate rules that
he contends confer jurisdiction on this Court. As we read his documents, appellant raises
issues in connection with his convictions and resulting sentences in a district court of
Jefferson County. The documents reference two causes in the Criminal District Court of
Jefferson County, and recite that appellant appealed from the judgments to the Ninth Court
of Appeals. 
Â Â Â Â Â Â Â Â Â Â In support of this Courtâs jurisdiction, appellant quotes several of the Texas Rules
of Appellate Procedure. Those Rules establish procedures, not the jurisdiction of the
appellate courts. Bayless v. State, 91 S.W.3d 801, 805 (Tex.Crim.App. 2002). This courtâs
appellate jurisdiction generally is limited to cases appealed from trial courts in our court of
appeals district, which does not include Jefferson County. Tex. Govât Code Ann. Â§ 22.201
(Vernon 2004).


 We see no basis for jurisdiction over appeal of appellantâs Jefferson
County convictions, and nothing in the documents appellant has filed demonstrates we
otherwise have authority to grant any relief he seeks. See Olivo v. State, 918 S.W.2d 519,
522-23 (Tex.Crim.App. 1996) (listing Government Code Â§ 22.201 among examples of laws
that establish jurisdiction of courts of appeals). 
Â Â Â Â Â Â Â Â Â Â Appellantâs documents indirectly refer to Rule 17.1 of the Rules of Appellate
Procedure, which concerns instances in which a court of appeals is unable to take
immediate action, and directly refer to Rule 17.2, which provides for action by âthe nearest
court of appeals that is able to take immediate action.â Tex. R. App. P. 17.1, 17.2. 
Appellant appears to contend that the rule applies here. Appellantâs petitions discuss
actions taken by the Ninth Court of Appeals, which demonstrates conclusively that Rule
17 of the appellate rules has no application here.


 
Â Â Â Â Â Â Â Â Â Â Appellant mentions in his response to our December 21 letter that the Ninth Court
of Appeals âhas sent other casesâ to this Court. That is true, but cases are transferred to
this Court from other courts of appeals pursuant to statute and by order of the Supreme
Court of Texas, not by action of the appellant. Tex. Govât Code Ann. Â§ 22.220 (Vernon
2004); Tex. Govât Code Ann. Â§ 73.001 (Vernon 2005). We take judicial notice that
appellantâs appeals from his Jefferson County convictions mentioned in his documents
have not been transferred to this Court. 
Â Â Â Â Â Â Â Â Â Â Finding we lack jurisdiction to address appellantâs pleadings, we dismiss his
attempted appeals.



Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice













Do not publish.














e" Name="Colorful List Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









07-11-0252-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE SEVENTH DISTRICT OF TEXAS

Â 

AT AMARILLO

Â 

PANEL E

Â 

JULY 26, 2011

Â 

______________________________

Â 

Â 

MICHAEL WAYNE PARRISH, APPELLANT

Â 

V.

Â 

THE STATE OF TEXAS, APPELLEE

Â 

Â 

_________________________________

Â 

FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

Â 

NO. 21,891-B; HONORABLE JOHN B. BOARD, JUDGE

Â 

_______________________________

Â 

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]

MEMORANDUM OPINION

   Pursuant to a plea bargain,
Appellant, Michael Wayne Parrish, was convicted of assault on a public servant[2]
and sentenced to four years confinement.Â 
The Trial Court's Certification of Defendant's Right to Appeal
indicates that Appellant's case was a plea-bargain case with no right of appeal
and that Appellant waived his right of appeal.

Â Â Â Â Â Â Â Â Â Â Â  By
letter dated June 30, 2011, this Court notified Appellant's appointed counsel of
the consequences of the certification and invited him to either file an amended
certification showing a right of appeal or demonstrate other grounds for
continuing the appeal on or before July 15, 2011.Â  Counsel was also notified that failure to do
so might result in dismissal of the appeal pursuant to Rule 25.2 of the Texas
Rules of Appellate Procedure.Â  Counsel
did not respond to this Court's notice.

Â Â Â Â Â Â Â Â Â Â Â  Because
neither an amended certification reflecting a right of appeal was filed nor
good cause for continuing the appeal provided, this appeal is dismissed based
on the certification signed by the trial court.Â 
See Tex. R. App. P. 25.2(d).

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Patrick A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â  Justice

Â 

Do not publish.

Â 











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.Â  Tex. Gov't
Code Ann. Â§ 75.002(a)(1) (West 2005).

Â 





[2]Tex.
Penal Code Ann. Â§ 22.01(b)(1) (West 2011).