# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00487-CR

**The State of Texas, Appellant**

**v.**

**Stephanie Renae Krueger, Appellee**

**FROM COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
NO. 2C05-07653, HONORABLE JOHN MISCHTAIN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The State seeks to appeal an order by the trial court granting Appellee Stephanie Renae Krueger's motion to suppress evidence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2008). We dismiss the appeal for noncompliance with article 44.01.

In an appeal from an order granting a motion to suppress, the prosecuting attorney must certify that the appeal is not taken for purposes of delay and that the evidence in question is of substantial importance to the State. *Id.* The State in this case did not make the required certification. Therefore, the State did not properly perfect its appeal within the applicable twenty day deadline. *Id.* at 44.01(d); Tex. R. App. P. 25.2(b); *see also State v. Riewe*, 13 S.W.3d 408, 411 (Tex. Crim. App. 2000). Failure to comply with article 44.01(a)(5) is a substantive defect which deprives the court of appeals of jurisdiction. *Riewe*, 13 S.W.3d at 411. The State's failure to comply with the substantive statutory requirements governing the exercise of its limited right of appeal is not

susceptible to correction by application of the "amendment and cure" provisions of the appellate rules. *State v. Muller*, 829 S.W.2d 805, 812 (Tex. Crim. App. 1992); *see also Bayless v. State*, 91 S.W.3d 801, 804 (Tex. Crim. App. 2002) (discussing *Riewe* and *Muller*). Accordingly, the appeal is dismissed.

                                       _____

                                       Diane M. Henson

Before Justices Patterson, Waldrop and Henson

Dismissed for Want of Jurisdiction

Filed:  May 15, 2009

Do Not Publish