NOS. 07-09-0176-CR, 07-09-0177-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 26, 2009
______________________________

JOSE LUIS PRADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 55,938-A, 55,939-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON MOTION TO DISMISS
          Appellant, Jose Luis Prado, filed Notice of Appeal to appeal a judgment convicting
him of two charges of manufacture and delivery of a controlled substance entered against
him in the 47th District Court of Potter County, Texas. However, appellant has now filed 
motions to dismiss the appeals.
          Because the motions meet the requirements of Texas Rule of Appellate Procedure
42.2(a) and this Court has not delivered its decision prior to receiving them, the motions
are hereby granted and the appeals are dismissed. Having dismissed the appeals at
appellant’s request, no motions for rehearing will be entertained and our mandates will
issue.
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Do not publish. 



#160;                                 ______________________________

VICTOR TYRONE APLON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 87672, 88596; HONORABLE JOHN STEVENS, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
            Appellant Victor T. Aplon, acting pro se, filed a document with this Court on
December 17, 2007, entitled “Petition for Acquittal and Arrest of Judgment.” Finding
reason to doubt our jurisdiction over the matters addressed in appellant’s “petition,” we
requested by letter dated December 21 that he file any documents considered necessary
for the Court to determine our jurisdiction.


 
          On January 10, 2008, in response to our letter, appellant filed a document entitled
”Determination of Jurisdiction Petition” in which he references various appellate rules that
he contends confer jurisdiction on this Court. As we read his documents, appellant raises
issues in connection with his convictions and resulting sentences in a district court of
Jefferson County. The documents reference two causes in the Criminal District Court of
Jefferson County, and recite that appellant appealed from the judgments to the Ninth Court
of Appeals. 
          In support of this Court’s jurisdiction, appellant quotes several of the Texas Rules
of Appellate Procedure. Those Rules establish procedures, not the jurisdiction of the
appellate courts. Bayless v. State, 91 S.W.3d 801, 805 (Tex.Crim.App. 2002). This court’s
appellate jurisdiction generally is limited to cases appealed from trial courts in our court of
appeals district, which does not include Jefferson County. Tex. Gov’t Code Ann. § 22.201
(Vernon 2004).


 We see no basis for jurisdiction over appeal of appellant’s Jefferson
County convictions, and nothing in the documents appellant has filed demonstrates we
otherwise have authority to grant any relief he seeks. See Olivo v. State, 918 S.W.2d 519,
522-23 (Tex.Crim.App. 1996) (listing Government Code § 22.201 among examples of laws
that establish jurisdiction of courts of appeals). 
          Appellant’s documents indirectly refer to Rule 17.1 of the Rules of Appellate
Procedure, which concerns instances in which a court of appeals is unable to take
immediate action, and directly refer to Rule 17.2, which provides for action by “the nearest
court of appeals that is able to take immediate action.” Tex. R. App. P. 17.1, 17.2. 
Appellant appears to contend that the rule applies here. Appellant’s petitions discuss
actions taken by the Ninth Court of Appeals, which demonstrates conclusively that Rule
17 of the appellate rules has no application here.


 
          Appellant mentions in his response to our December 21 letter that the Ninth Court
of Appeals “has sent other cases” to this Court. That is true, but cases are transferred to
this Court from other courts of appeals pursuant to statute and by order of the Supreme
Court of Texas, not by action of the appellant. Tex. Gov’t Code Ann. § 22.220 (Vernon
2004); Tex. Gov’t Code Ann. § 73.001 (Vernon 2005). We take judicial notice that
appellant’s appeals from his Jefferson County convictions mentioned in his documents
have not been transferred to this Court. 
          Finding we lack jurisdiction to address appellant’s pleadings, we dismiss his
attempted appeals.



 
                                                                           James T. Campbell

                                                                                     Justice













Do not publish.