*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-10-00451-CR

Jason **MIEARS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-6566
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  September 15, 2010

DISMISSED FOR WANT OF JURISDICTION

On or about September 24, 2009, the trial court signed an order denying appellant's motion to dismiss his appointed trial counsel in his pending criminal case. On June 11, 2010, appellant filed a "Letter Regarding Writs Dismissing Attorney" in this court. Appellant was notified by the court clerk that, if he intended his letter to serve as a notice of appeal, it was defective because it failed to state the date of the judgment or order appealed from, and that the party desires to appeal. *See* TEX. R. APP. P. 25.1(d)(2),(3). Appellant was given an opportunity

to cure the defect by filing a proper notice of appeal within thirty days, or the appeal would be dismissed.  Appellant filed a *pro se* notice of appeal on June 24, 2010, clarifying that he is seeking to appeal the trial court's September 24, 2009 interlocutory order denying his motion to dismiss his appointed counsel.

Upon review of the record, this court determined that it does not have jurisdiction over this appeal because appellant seeks to appeal an interlocutory, unappealable order.  On August 18, 2010, this court issued an order for appellant to show cause in writing on or before August 30, 2010, why this appeal should not be dismissed for lack of jurisdiction.  Appellant responded by filing an appellant's brief in which he asserts a right to appeal the trial court's denial of his motion to dismiss counsel.  We disagree.  The right to appeal in a criminal case is a statutorily created right.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002); *Basaldua v. State*, 558 S.W.2d 2, 4 (Tex. Crim. App. 1977).  Generally, a criminal defendant may only appeal from a final judgment.  *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990).  The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority.  *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).  Nothing in the language of article 26.04, or any other article, of the Code of Criminal Procedure provides an interlocutory right to appeal from a trial court's denial of a motion to dismiss appointed counsel.  TEX. CODE CRIM. PROC. ANN. art. 26.04 (West Supp. 2009).  Because this court does not have jurisdiction over this appeal of an interlocutory order, the appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH