**Opinion issued October 15, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00658-CR

———————————

**BENEDICT EMESOWUM, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Cause No. 1849562[1]**

---

## MEMORANDUM OPINION

Appellant, Benedict Emesowum, attempts to appeal from an order denying

his motion to recuse the trial court judge. We dismiss the appeal.

---

[1] Appellant is pro se. The State of Texas is represented by Alan Curry, Harris County District Attorney's Office. The Judge of the County Criminal Court at Law No. 10 is the Honorable Sherman Ross.

Emesowum filed a motion in the trial court to recuse the trial court judge, the Honorable Sherman Ross. The motion was referred to the regional presiding judge, the Honorable Olan Underwood, who denied the motion.

The right to appeal in a criminal case is a statutorily created right. TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006); *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002). Generally, a criminal defendant may only appeal from a final judgment. *State v. Sellers*, 790 S.W. 2d 316, 321 n. 4 (Tex. Crim. App. 1990). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d, 792, 794 (Tex. Crim. App. 1991). Nothing in the language of Rule of Civil Procedure 18a, which sets for the procedures for recusal of judges in civil and criminal cases, or any Rule of Criminal Procedure, provides a right to an interlocutory appeal from the denial of a motion to recuse—regardless of the grounds asserted for recusal. *See De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (stating procedures for recusal of judges set out in Rule 18a of Texas Rules of Civil Procedure apply in criminal cases). To the contrary, Rule 18a(j)(1) expressly states: "An order denying a motion to recuse may be reviewed only for abuse of discretion on the final judgment." TEX R. CIV. PROC. 18a(j)(1).

Because there is no final judgment in this case, this is an interlocutory appeal over which we have no jurisdiction. Accordingly, we dismiss the appeal for

want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).  We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Sharp and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b)