

NUMBER 13-14-00666-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **CORY ESTRADA SIERRA,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

**On Appeal from the 36th District Court
of San Patricio County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion Per Curiam**

Appellant, Cory Estrada Sierra, attempts to appeal from the trial court's order denying his request for appointed counsel to assist in filing for post-conviction DNA testing under the Texas Code of Criminal Procedure article 64.01.   *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (West Supp. 2010).   We dismiss the appeal for want of jurisdiction.

The trial court signed the order denying the motion for appointment of counsel to assist in obtaining post-conviction DNA testing on October 20, 2014, and appellant filed his pro se notice of appeal on November 18, 2014. On November 20, 2014, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not a final, appealable order, and requested correction of this defect within ten days or the appeal would be dismissed. Appellant has failed to respond to the Court's directive.

An appeal in a criminal case is permitted only when specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) (right of appeal "is a statutorily created right"); *see also Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) ("The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law."). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).

The denial of a request for appointed counsel to assist in filing a motion for post-conviction DNA testing is not immediately appealable. *Gutierrez v. State*, 307 S.W.3d 318, 322-23 (Tex. Crim. App. 2010). Any alleged error made by the trial court in refusing to appoint counsel must be raised in an appeal from the final order denying DNA testing. *See id.*

We are of the opinion that because there is not a final order denying a motion for

2

DNA testing under article 64.01, this Court lacks jurisdiction to consider the appeal.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of February, 2015.