

NUMBER 13-15-00474-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

FRANK FIGUEROA,                                            **Appellant,**

**v.**

THE STATE OF TEXAS,                                         **Appellee.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion Per Curiam**

Appellant, Frank Figueroa, proceeding pro se, filed a notice of appeal on August 14, 2015. Appellant states he is appealing from an order dated July 29, 2015. We dismiss the appeal for want of jurisdiction.

Appellant was convicted of aggravated sexual assault of a child and sentence was imposed on February 1, 2008. On June 25, 2015, appellant filed a motion for

appointment of counsel to file a motion for forensic DNA testing for an indigent person. The State filed a response to the motion on July 29, 2015. On July 31, 2015, the trial court signed an order granting appellant's motion for appointment of counsel. The trial court entered an amended order on September 18, 2015, withdrawing the order of July 31, 2015, and denying appellant's motion for appointment of counsel.

An appeal in a criminal case is permitted only when specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) (holding that the right of appeal "is a statutorily created right"); *see also Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) ("The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law."). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).

The denial of a request for appointed counsel to assist in filing a motion for post-conviction DNA testing is not immediately appealable. *Gutierrez v. State*, 307 S.W.3d 318, 322-23 (Tex. Crim. App. 2010). Any alleged error made by the trial court in refusing to appoint counsel must be raised in an appeal from the final order denying DNA testing. *See id.*

The clerk of the trial court has informed us that the trial court has not entered an order denying post-conviction forensic DNA testing. We are of the opinion that because there is not a final order denying a motion for DNA testing under Texas Code of Criminal

2

Procedure article 64.01, this Court lacks jurisdiction to consider the appeal. Accordingly, this appeal is DISMISSED for want of jurisdiction. Any pending motions are likewise dismissed for want of jurisdiction.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of December, 2015.