# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00057-CR

---

**Kirk Wayne McBride, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY
### NO. CR94-311, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In trial-court cause number CR95-129, a jury convicted appellant Kirk Wayne McBride, Sr., of aggravated sexual assault and assessed his punishment at confinement for ninety-nine years in the Texas Department of Criminal Justice. *See* Tex. Penal Code §§ 12.42(d), 22.021(a). Appellant's conviction was affirmed by this Court and is now final. *See McBride v. State*, No. 03-95-00596-CR, 1997 WL 123560, at *8 ( (Tex. App.—Austin Mar. 20, 1997, pet. ref'd) (per curiam) (not designated for publication).

Appellant has filed, in trial-court cause number CR94-311, a notice of appeal that purports to appeal "from the Sentence that was pronounced and imposed against the Defendant on April 11, 1995, and Order denying the Appellant's Motion for Entry of Judgment." We do not have jurisdiction over such an appeal.

## DISCUSSION

## Appeal of Sentence

In cause number CR94-311, appellant was charged with the offense of aggravated sexual assault. The clerk's record contains no judgment of conviction imposing sentence in this cause. The State moved to dismiss this cause because the case had been refiled and re-indicted—in CR95-129—and, on July 1, 1996, the trial court signed the order that granted the motion and dismissed the cause.[1] There is no judgment of conviction in CR94-311 from which appellant may appeal. *See Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex. Crim. App. 2008) (noting Court's prior recognition of "long-established rule that a defendant's general right to appeal under Article 44.02 'has always been limited to appeal' from a 'final judgment.'").

Because there is no judgment imposing sentence from which to appeal; we lack jurisdiction over appellant's appeal "from the sentence" in CR94-311. *See, e.g.*, *Chapman v. State*, No. 01-14-00980-CR, 2016 WL 635283, at *1 (Tex. App.—Houston [1st Dist.] Feb. 11, 2016, no pet.) (mem. op., not designated for publication) (concluding that because charge was dismissed and there was no judgment from which to appeal, appellate court had no jurisdiction over appeal); *Valencia v. State*, No. 05-06-01727-CR, 2007 WL 196449, at * 1 (Tex. App.—Dallas Jan. 26, 2007, no pet.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction where record contained no judgment of conviction and thus, nothing was presented for review).

---

[1] Appellant was originally indicted for this aggravated-sexual-assault offense in trial-court cause number CR90-157. After a reversal of his conviction in that cause number and a subsequent mistrial, appellant was "twice reindicted, with cause number CR90-157 becoming cause number CR94-311 and then cause number CR95-129." *McBride v. State*, No. 03-95-00596-CR, 1997 WL 123560, at *1 (Tex. App.—Austin Mar. 20, 1997, pet. ref'd) (per curiam) (not designated for publication).

**Appeal of Order**

*No Signed Order*

In criminal cases, this Court has jurisdiction to consider appeals from the entry of an appealable order. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 26.2(a)(1). However, there must be a written, signed order from which to appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (noting that "[Court's] precedent requires that an order be in writing" when discussing State's statutory right to appeal pretrial suppression order); *see also State v. Rosenbaum*, 818 S.W.2d 398, 401–02 (Tex. Crim. App. 1991) (holding that for purposes of appeal, trial court "enters" order when judge signs order). Here, the record before us contains no written order signed by the trial court denying appellant's *Motion for Entry of Judgment*, which was filed on February 2, 2021. Thus, there is no entry of a signed order from which to appeal.

*Not Appealable Order*

Moreover, even had the trial court signed an order denying appellant's *Motion for Entry of Judgment*, we find no authority for appellant to appeal such an order.

In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) (stating that criminal defendant's right of appeal "is a statutorily created right."). Thus, the standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott*, 271 S.W.3d at 696–97); *see* Tex.

Const. art. V, § 6(a) (providing that courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law"); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (explaining that "[j]urisdiction must be expressly given to the courts of appeals in a statute").  We find no statutory authority granting appellant the right to appeal the denial of a postconviction *Motion for Entry of Judgment* that was filed more than twenty-four years after the case has been dismissed.

## CONCLUSION

For the above reasons, we conclude that we lack jurisdiction in this appeal. Accordingly, we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Dismissed for Want of Jurisdiction

Filed:   March 31, 2021

Do Not Publish