

# Fourth Court of Appeals
## San Antonio, Texas

April 20, 2022

No. 04-22-00190-CR

Frederick O. **SILVER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 1, Bexar County, Texas
Trial Court No. 671214
Honorable Helen P. Stowe, Judge Presiding

# O R D E R

Sitting:        Rebeca C. Martinez, Chief Justice
                    Liza A. Rodriguez, Justice
                    Lori I. Valenzuela, Justice

In the underlying case, the State filed a criminal complaint against Appellant Frederick O. Silver, alleging that he committed the offense of FALSE REPORT TO P-O. The clerk's record reflects that no final judgment of conviction has been signed in the underlying cause. Silver has filed two pro se notices of appeal, complaining of pretrial orders. Thus, this appeal is interlocutory.

The first notice of appeal, which was filed April 6, 2022, states that Silver intends to appeal the order signed by Judge Stowe on April 5, 2022. The clerk's record reflects that on April 5, 2022, Silver's appointed counsel filed a motion for competency evaluation.[1] The clerk's record further reflects that on April 5, 2022, Judge Stowe signed an order finding that a competency evaluation is needed.

The second notice of appeal states that Silver intends to appeal Judge Harle's March 15, 2022 order denying Silver's motion to recuse Judge Stowe. The clerk's record reflects that on March 17, 2022, Judge Harle signed a "Corrected Order Denying Motion to Recuse."

---

[1]The clerk's record indicates that on November 29, 2021, Judge Stowe handwrote on a pleading titled "Waiver of Counsel By Pro Se Defendant" that Silver "indicated he would like to be pro se but refused to sign this document."

As noted, because no final judgment of conviction has been signed, Silver's appeal is interlocutory. The right to appeal in a criminal case is a statutorily created right. *See* TEX. CODE CRIM. PROC. art. 44.02; *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002). Thus, the "standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)). "This extends to interlocutory appeals as well." *Id*. The court of criminal appeals has explained that the "courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Id*. (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)).

We have found no statutory authority permitting a defendant to appeal from a trial court order denying a motion to recuse. *See Hranicky v. State*, No. 01-11-00557-CR, 2013 WL 1804495, at *3 (Tex. App.—Houston [1st Dist.] Apr. 30, 2013, pet. ref'd) (holding appellate court had no jurisdiction to decide the interlocutory appeal from the denial of a pre-trial motion to recuse the trial judge). Similarly, we have found no statutory authority permitting a defendant to appeal from a trial court order for competency evaluation. *See Richardson v. State*, No. 02-21-00191-CR, 2022 WL 557427, at *1 (Tex. App.—Fort Worth Feb. 24, 2022, no pet. h.) (dismissing for lack of jurisdiction appeal from trial court order for competency examination).

We therefore ORDER Silver to show cause on or before **May 5, 2022** why this appeal should not be dismissed for lack of jurisdiction.

Further, on April 14, 2022, Silver filed in this court an "Emergency Motion to Quash Arrest Warrant #1794848 Sid #1034237 Pending the Disposition of His Appeal." He attached to his motion a warrant for his arrest and a motion he filed in the trial court, "Demand to Quash Warrant #1794848 SID#1034237." On April 18, 2022, he filed a "Request for Judicial Notice on Appeal in Support of Emergency Motion to Quash Arrest Warrant #1794848 SID # 1034237." The pleadings he attaches to his request for judicial notice are included in the clerk's record. There is no need for us to take judicial notice of these pleadings. With respect to the merits of his emergency motion, in both his emergency motion and his motion for judicial notice, he complains of the trial court's order for competency evaluation and his pending arrest warrant. As explained above, we are without jurisdiction to decide his interlocutory appeal. Therefore, his "Emergency Motion to Quash Arrest Warrant #1794848 Sid #1034237 Pending the Disposition of His Appeal" is DENIED.

*Liza A. Rodriguez*

Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of April, 2022.

*Michael A. Cruz*

MICHAEL A. CRUZ, Clerk of Court