# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00165-CR

**Phillip G. Scott, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2023-382, THE HONORABLE STEPHANIE BASCON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Phillip G. Scott has been charged by indictment with the offense of taking a prohibited substance into a correctional facility. *See* Tex. Penal Code §38.11(b). Appellant seeks to bring an interlocutory appeal challenging the trial court's incompetency Order. *See* Tex. Code of Crim. Proc. art. 46B.005. Additionally, Appellant has filed a "Supplement Appeal," in which he seeks to also appeal the trial court's decision to appoint him trial counsel in a different criminal case than the one that is the subject of this appeal. The record does not include any certification by the trial court that appellant has a right to appeal either the incompetency order or the determination to appoint counsel in the separate criminal case. *See* Tex. R. App. P. 25.2(a)(2) (requiring trial court to enter certification of defendant's right of appeal each time it enters judgment of guilt or other appealable order); *id.* R. 25.2(d) (requiring dismissal of criminal appeal in absence of certification).

Further, neither challenged action by the trial court is a "judgment or other appealable order." *Id.* R. 25.2(a)(2) (authorizing appeals in criminal cases only when trial court enters judgment or other appealable order). Article 46B.005 incompetency Orders are specifically not subject to interlocutory appeal pursuant to statute. *See* Tex. Code of Crim. Proc. art. 46B.011. No statute authorizes an interlocutory appeal of a defendant's request for self-representation. *See Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) (explaining that "a defendant's right of appeal is a statutorily created right"); *cf. Blankenship v. State*, 673 S.W.2d 578, 583–84 (Tex. Crim. App. 1984) (addressing denial of right to self-representation in appeal from final judgment). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Dismissed for Want of Jurisdiction

Filed: May 7, 2024

Do Not Publish

2