Steven Kenneth STALEY, Appellant

v.

The STATE of Texas.

No. AP–75462.

Court of Criminal Appeals of Texas.

Sept. 12, 2007.

Jack V. Strickland, Fort Worth, for Appellant.

C. James Gibson, Asst. Crim. D.A., Fort Worth, for State.

## OPINION

HERVEY, J., delivered the opinion of the unanimous Court.

This is an appeal from the trial court's order compelling appellant to take his anti-psychotic medication. We will dismiss the appeal.

The record before the Court reflects that appellant is an incompetent-to-be-executed, death-row inmate with no scheduled execution date. Appellant's scheduled execution date of February 23, 2006, was set aside by the trial court based on a finding that appellant was incompetent to be executed.[1] The trial court also found that appellant is schizophrenic and that, as his scheduled February 23, 2006, execution date approached, appellant "refused to voluntarily take any psychotropic medications" to treat his schizophrenia. The trial court also found that appellant "appeared to be asymptomatic" during periods that he "was voluntarily taking" his medication. The trial court concluded that appellant, "during periods when he was not taking medication, posed a danger to himself." The trial court also concluded that, because "symptoms of [appellant's schizophrenia] have, in the past, been alleviated by anti-psychotic medication, treatment by these drugs would be in [appellant's] best medical interests." The trial court ordered that appellant voluntarily take his medication and that he be compelled to do so if he refuses.[2]

Appellant appealed from this order. He claims, among other things, that it is unconstitutional for the State to compel him to take anti-psychotic medication to restore his competency so that the State can execute him.[3] The State claims in a motion to dismiss this appeal that the trial

---

**1.** *See generally* Former Article 46.05, Tex.Code Crim. Proc., (setting out procedures for making determinations of competence to be executed).

**2.** The trial court's order, containing its findings and conclusions, was signed on April 11, 2006. There is nothing in the record to indi-

cate whether appellant has since then, voluntarily or otherwise, taken his medication or whether he has regained his competency.

**3.** *But see Washington v. Harper*, 494 U.S. 210, 227, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) ("Due Process Clause permits [a] State to treat a [non-death row] prison inmate who

court's order is not an "appealable order" under Tex.R.App. Proc. 25.2(a)(2).[4]

We agree. Section 5(a), Tex. Const., provides, in relevant part, that this Court "shall have final appellate jurisdiction coextensive with the limits of the state ... in all criminal cases of whatever grade, with such exceptions and under such regulations as may be provided in this Constitution or as prescribed by law." Article 44.02, Tex.Code Crim. Proc., provides that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." Appellant does not cite, nor have we found, any constitutional or statutory provision or any rule that would authorize this appeal from the trial court's interlocutory order.[5]

The appeal is dismissed.

---

has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest"); *Singleton v. Norris*, 319 F.3d 1018, 1026–27 (8th Cir.), *cert. denied*, 540 U.S. 832, 124 S.Ct. 74, 157 L.Ed.2d 59 (2003) (a state may constitutionally restore a death-row inmate's competency through forced medication and then execute him in part because "the best medical interests of the prisoner must be determined without regard to whether there is a pending date of execution").

**4.** Rule 25.2(a)(2) provides, in relevant part, that a "defendant has the right to appeal under Code of Criminal Procedure article 44.02 and these rules" when the trial court has entered "a judgment of guilt or other appealable order."

**5.** We note that former Article 46.05(k) authorizes this Court to determine whether "any existing execution date should be withdrawn and a stay of execution issued" after "the trial court makes a finding by a preponderance of the evidence that the defendant is incompetent to be executed." *See* Acts 2001, 77th Leg., ch. 1420, § 21.0001(13). This Court has decided that the identical statutory precursor to Article 46.05(k) also permits this Court to review "a finding of incompetence." *See Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex.Cr. App.2000). Neither the withdrawal of an execution date nor a review of a finding of incompetence are presented in this case. We further note that former Article 46.05(k) provides that, when the trial court has made a finding of incompetency and this Court has issued a stay of execution, the trial court "periodically shall order that the defendant be reexamined by mental health experts to determine whether the defendant is no longer incompetent to be executed."

In 2007, the 80th Legislature amended Article 46.05. *See* Acts 2007, 80th Leg., HB 1545 §§ 1 and 2. These amendments apply to motions filed under Article 46.05 after September 1, 2007, and, thus, do not apply to this case.