NO. 07-07-0388-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 5, 2007



______________________________




JUAN ROBERTO RODRIGUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 227TH DISTRICT COURT OF BEXAR COUNTY;



NO. 90-CR-1294; HONORABLE PHILIP A. KAZEN, JR., JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 On September 12, 2007, Appellant, Juan Roberto Rodriguez, an inmate proceeding
pro se, filed a Petition for Lawful Damages for Breach of Contract. He alleges breach of
a parole contract claim and seeks damages for mental anguish. By letter dated September
14, 2007, this Court notified Rodriguez to provide a final judgment or other appealable
order, noting that failure to do so might result in dismissal pursuant to Rule 42.3(a) of the
Texas Rules of Appellate Procedure. In response, Rodriguez filed a Notice of Appeal. The
cause number he has provided in his documents reflects a 1990 criminal cause number. 
Rodriguez did not, however, provide a final judgment or other appealable order. 

 This Court has appellate jurisdiction over final judgments and other appealable
orders and has no authority to file petitions initiating litigation. Additionally, Appellant has
not provided any authority or documentation that would authorize an appeal from the
underlying proceeding. See Staley v. State, No. AP-75,462, 2007 WL 2622426, at *1
(Tex.Crim.App. Sept. 12, 2007). Consequently, we have no authority to entertain his
complaint.

 Accordingly, this purported appeal is dismissed for want of jurisdiction.

 Patrick A. Pirtle

 Justice



Do not publish.



appellate
counsel's motion to withdraw; (2) whether appellant desires to prosecute the appeal; and
(3) if so, whether appellant is indigent and entitled to appointed counsel. If the trial court
determines that appellant is entitled to appointed counsel, the court should cause the clerk
of this court to be furnished the name, address, and State Bar of Texas identification
number of the appointed attorney.

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law, recommendations and such orders as the
court may enter regarding the aforementioned issues, and cause them to be included in a
supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and
included in a supplemental reporter's record; and (4) cause the records of the proceedings
to be sent to this court. See Tex. R. App. P. 38.8(b)(3). In the absence of a request for
extension of time from the trial court, the supplemental clerk's record, supplemental
reporter's record, and any additional proceeding records, including any orders, findings,
conclusions and recommendations, are to be sent so as to be received by the clerk of this
court not later than January 14, 2005. 

 

 Per Curiam

Do not publish.