

NUMBER 13-09-00654-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVID THERIOT,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 329th District Court
### of Wharton County, Texas.

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Garza**
**Memorandum Opinion Per Curiam**

On December 1, 2005, pursuant to a plea agreement, appellant was convicted of the first-degree felony offense of murder. *See* TEX. PENAL CODE ANN. § 19.02(c) (Vernon 2003). On November 19, 2009, the trial court entered an order denying appellant's

"Application for Out of Time Appeal."[1]  On December 9, 2009, appellant filed a pro se notice of appeal regarding this post-judgment order.  The trial court subsequently appointed counsel to represent appellant on appeal.

On March 26, 2010, the Clerk of this Court notified appellant's counsel that it appeared that the clerk's record did not contain an appealable judgment and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.  Appellant's counsel filed a response to this notice, enclosing a copy of the 2005 judgment of conviction, in which he states that he has "requested that the District Clerk prepare a record to forward to the Court of Appeals."

In examining whether or not we have jurisdiction over an appeal, we determine "not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-697 (Tex. Crim. App. 2008).  Absent exceptions not applicable to the instant case, a criminal defendant may only appeal a final judgment of conviction.  *See id.*; *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *see also* TEX. CONST. art. V, § 6(a), (delineating the appellate jurisdiction of the appellate courts); TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon ) (stating that a criminal defendant "has the right of appeal under the rules hereinafter prescribed"); TEX. R. APP. P. 25.2(a)(2) (providing that a defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules").  In such cases, the notice of appeal must be filed timely or

---

[1]     In a related original proceeding, this Court granted relator's petition for writ of mandamus requesting this Court to compel the trial court to rule on relator's motion for out of time appeal.  *See In re Theriot*, No. 13-09-00598-CR,  2009 Tex. App. LEXIS 8917, at *1 (Tex. App.–Corpus Christi Nov. 13, 2009) (orig. proceeeding) (per curiam) (not designated for publication).

we lack jurisdiction over the appeal.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

In this case, we have not found any rule or any statutory or constitutional provision that would authorize an appeal from a post-judgment order denying a motion for out of time appeal.  *Abbott*, 271 S.W.3d at 697; *see Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (dismissing the defendant's appeal because it was not authorized by law).  Moreover, any appeal of the underlying conviction, if indeed that is at issue herein, is more than five years overdue.  *See* Tex. R. App. P. 26.2, 26.3.

Absent a judgment of conviction or other appealable order, we have no jurisdiction over the appeal.   *See Abbott*, 271 S.W.3d at 697.  Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court.  *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
27th day of May, 2010.