NUMBER 13-09-00654-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 


______________________________________________________________

DAVID THERIOT, Appellant,

v.


THE STATE OF TEXAS, Appellee.

_____________________________________________________________

On appeal from the 329th District Court 


of Wharton County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion Per Curiam


 On December 1, 2005, pursuant to a plea agreement, appellant was convicted of
the first-degree felony offense of murder. See Tex. Penal Code Ann. § 19.02(c) (Vernon
2003). On November 19, 2009, the trial court entered an order denying appellant's
"Application for Out of Time Appeal." (1) On December 9, 2009, appellant filed a pro se
notice of appeal regarding this post-judgment order. The trial court subsequently
appointed counsel to represent appellant on appeal.

 On March 26, 2010, the Clerk of this Court notified appellant's counsel that it
appeared that the clerk's record did not contain an appealable judgment and that the
appeal would be dismissed if the defect was not corrected within ten days from the date
of receipt of the Court's directive. Appellant's counsel filed a response to this notice,
enclosing a copy of the 2005 judgment of conviction, in which he states that he has
"requested that the District Clerk prepare a record to forward to the Court of Appeals." 

 In examining whether or not we have jurisdiction over an appeal, we determine "not
whether the appeal is precluded by law, but whether the appeal is authorized by law." 
Abbott v. State, 271 S.W.3d 694, 696-697 (Tex. Crim. App. 2008). Absent exceptions not
applicable to the instant case, a criminal defendant may only appeal a final judgment of
conviction. See id.; State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); see
also Tex. Const. art. V, § 6(a), (delineating the appellate jurisdiction of the appellate
courts); Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon ) (stating that a criminal defendant
"has the right of appeal under the rules hereinafter prescribed"); Tex. R. App. P. 25.2(a)(2)
(providing that a defendant "has the right of appeal under Code of Criminal Procedure
article 44.02 and these rules"). In such cases, the notice of appeal must be filed timely or
we lack jurisdiction over the appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996); see also Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 

 In this case, we have not found any rule or any statutory or constitutional provision
that would authorize an appeal from a post-judgment order denying a motion for out of time
appeal. Abbott, 271 S.W.3d at 697; see Staley v. State, 233 S.W.3d 337, 338 (Tex. Crim.
App. 2007) (dismissing the defendant's appeal because it was not authorized by law). 
Moreover, any appeal of the underlying conviction, if indeed that is at issue herein, is more
than five years overdue. See Tex. R. App. P. 26.2, 26.3.

 Absent a judgment of conviction or other appealable order, we have no jurisdiction
over the appeal. See Abbott, 271 S.W.3d at 697. Appellant may be entitled to an
out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas
Court of Criminal Appeals; however, the availability of that remedy is beyond the
jurisdiction of this Court. See Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon
2005); see also Ex parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. 

 PER CURIAM

Do not publish. 

Tex. R. App. P. 47.2(b).


Delivered and filed the

27th day of May, 2010.



1. In a related original proceeding, this Court granted relator's petition for writ of mandamus requesting
this Court to compel the trial court to rule on relator's motion for out of time appeal. See In re Theriot, No.
13-09-00598-CR, 2009 Tex. App. LEXIS 8917, at *1 (Tex. App.-Corpus Christi Nov. 13, 2009) (orig.
proceeeding) (per curiam) (not designated for publication).