

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**NO. AP-76,668**

---

**BRITTANY MARLOWE HOLBERG, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON DIRECT APPEAL FROM THE TRIAL COURT'S RULING ON A MOTION FILED IN CAUSE NO. W-11,492-C-1 IN THE 251ST DISTRICT COURT RANDALL COUNTY**

---

*Per Curiam*.

## O P I N I O N

This is a direct appeal of the trial court's ruling on a motion filed in the 251st District Court of Randall County, Cause No. W-11,492-C-1, styled The State of Texas v. Brittany Marlowe Holberg.

Appellant was convicted of capital murder and sentenced to death in March 1998. This Court affirmed the conviction and sentence on direct appeal. *Holberg v. State*, 38 S.W.3d 137 (Tex. Crim. App. 2000). On July 19, 2000, appellant filed her initial post-

conviction application for writ of habeas corpus in the convicting court where it remains pending. After the convicting court granted a substitution of counsel in October 2006, new counsel, well after the time for filing an initial application, filed a document in the trial court entitled "Reply in Support of Application for Writ of Habeas Corpus" as well as several exhibits and other papers in support of claims raised in appellant's initial application. The trial court declared the document to be a subsequent application and forwarded it to this Court for review under Article 11.071 § 5.

This Court determined that the document was not a subsequent application and returned it to the trial court to be considered, to the extent that the court believed was appropriate, in conjunction with the claims already before the court in the initial application filed on July 19, 2000. In the same order, this Court also encouraged the trial court to resolve the issues raised in the initial application as expeditiously as possible pursuant to the dictates of Texas Code of Criminal Procedure Article 11.071. *See Ex parte Holberg*, No. WR-68,994-01 (Tex. Crim. App. Jan. 16, 2008)(not designated for publication).

In the course of resolving the claims raised in the initial Article 11.071 application, appellant filed a "Motion for Post-Conviction Fingerprint and Blood Testing of the Interior of a Wallet." In the motion, appellant explained that test results showing the absence of blood and fingerprints on the interior of the wallet would tend to prove that she was innocent of both aggravating factors (robbery and burglary), and thus, prove her innocent of capital murder. Appellant further explained that the testing requested was not governed by Texas

Code of Criminal Procedure Chapter 64 because Chapter 64 only governs a motion for post-conviction DNA testing. Instead, appellant asserted that her motion was properly filed under Texas Code of Criminal Procedure Articles 11.07 and 11.071. The trial court found that appellant's motion lacked merit and denied it. Appellant filed a notice of appeal to appeal the order denying testing.

Appellant's appeal is not permitted. Appellant does not cite, nor have we found, any constitutional or statutory provision or any rule that would authorize this appeal from the trial court's interlocutory order. *See Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007). Appellant's appeal is dismissed.

Do not publish
Delivered: December 7, 2011