IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-37,034-05






EX PARTE STEVEN KENNETH STALEY









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. C-2-009642-0387844-C IN THE CRIMINAL DISTRICT COURT NUMBER TWO

TARRANT COUNTY




 Per Curiam. Meyers, J., dissents. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for a
stay of execution.

 In April 1991, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Staley v. State, 887
S.W.2d 885 (Tex. Crim. App. 1994). 

 In October 1997, applicant filed in the trial court his initial post-conviction
application for writ of habeas corpus. This Court denied him relief. Ex parte Staley, No.
WR-37,034-01 (Tex Crim. App. Sept. 16, 1998)(not designated for publication). 
Applicant then filed a subsequent application in the trial court which this Court dismissed. 
Ex parte Staley, 160 S.W.3d 56 (Tex. Crim. App. 2005).

 In the Spring of 2006, applicant filed in the trial court a motion pursuant to Texas
Code of Criminal Procedure Article 46.05 challenging his competency to be executed. 
Because the trial court thereafter withdrew the scheduled execution date, the motion to
stay the execution filed with this Court was dismissed as moot. Ex parte Staley, No. WR-37,034-03 (Tex. Crim. App. Apr. 12, 2006)(not designated for publication). In
conjunction with the competency proceedings, the trial court issued an order on April 11,
2006, compelling applicant to submit to a medical examination to determine what
medications should be prescribed to alleviate the symptoms of mental illness he was
experiencing, and compelling him to comply with the medication regimen that was
established.

 In response to this order, applicant filed in this Court an application for a writ of
mandamus and/or a writ of prohibition which this Court thereafter on June 7, 2006,
denied him leave to file without written order. Applicant then appealed the trial court's
order requiring him to submit to medication, which appeal this Court dismissed as a non-appealable interlocutory order. Staley v. State, 233 S.W.3d 337 (Tex. Crim. App. 2007).

 On February 23, 2012, the trial court issued an order setting applicant's execution
for May 16, 2012. On April 5, the State filed a motion for a competency evaluation, and
the trial court appointed two experts to examine applicant. The court thereafter held a
hearing, and on May 1, the trial court entered an order in which it found applicant to be
competent to be executed. On May 7, 2012, applicant filed in the trial court the pleadings
which are currently before us. In those pleadings, applicant asserts, among other issues,
that the trial court erred in finding him competent and that his forced medication violates
the constitutional prohibition against cruel and unusual punishment. 

 After reviewing applicant's pleadings, this Court has determined that his execution
should be stayed. Applicant's execution is stayed pending further order by this Court. IT IS SO ORDERED THIS THE 14th DAY OF MAY, 2012.


Do not publish