IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,798 and AP-76,868






STEVEN KENNETH STALEY, Appellant



v.



THE STATE OF TEXAS









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND REVIEW FROM THE DENIAL OF A MOTION TO DETERMINE
EXECUTION COMPETENCY FROM CAUSE NO. C-2-009642-0387844-C IN
THE CRIMINAL DISTRICT COURT NUMBER TWO

TARRANT COUNTY




 Per Curiam. 


O R D E R



 We have before us a subsequent application for writ of habeas corpus filed pursuant
to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a review of
the trial court's finding of execution competency under Article 46.05. We now file and set
the application and consolidate the two cases. 

 In April 1991, a jury found appellant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set appellant's punishment at death. This Court
affirmed appellant's conviction and sentence on direct appeal. Staley v. State, 887 S.W.2d
885 (Tex. Crim. App. 1994). The Court thereafter denied relief on appellant's initial post-conviction application for writ of habeas corpus, and dismissed his first subsequent
application. Ex parte Staley, No. WR-37,034-01 (Tex Crim. App. Sept. 16, 1998) (not
designated for publication) and Ex parte Staley, 160 S.W.3d 56 (Tex. Crim. App. 2005).

 In the Spring of 2006, appellant filed in the trial court a motion pursuant to Texas
Code of Criminal Procedure Article 46.05 challenging his competency to be executed. 
Because the trial court subsequently withdrew the scheduled execution date, the motion to
stay the execution filed with this Court was dismissed as moot. Ex parte Staley, No. WR-37,034-03 (Tex. Crim. App. Apr. 12, 2006) (not designated for publication). In conjunction
with the competency proceedings, the trial court issued an order on April 11, 2006,
compelling appellant to submit to a medical examination to determine what medications
should be prescribed to alleviate the symptoms of mental illness he was experiencing, and
compelling him to comply with the medication regimen that was established.

 In response to this order, appellant filed in this Court an application for a writ of
mandamus and/or a writ of prohibition which this Court on June 7, 2006, denied him leave
to file without written order. Appellant then appealed the trial court's order requiring him
to submit to medication, which appeal this Court dismissed as a non-appealable interlocutory
order. Staley v. State, 233 S.W.3d 337 (Tex. Crim. App. 2007).

 On February 23, 2012, the trial court issued an order setting appellant's execution for
May 16, 2012. On April 5, the State filed a motion for a competency evaluation, and the trial
court appointed two experts to examine appellant. The trial court held a hearing, and on May
1 it entered an order in which it found appellant to be competent to be executed. On May 7,
2012, appellant filed pleadings in the trial court in which he asserted, among other issues,
that the trial court erred in finding him competent and that his forced medication violates the
constitutional prohibition against cruel and unusual punishment. Appellant's pleadings
purported to be both an application for a writ of habeas corpus and a request for a review of
the trial court's finding of execution competency. Because this Court had another case
pending review that stood in a similar posture, (1) and because this Court determined that
appellant's case also raised additional issues, it determined that further review was necessary
and entered an order staying appellant's execution. Ex parte Staley, No. WR-37,034-05
(Tex. Crim. App. May 14, 2012) (not designated for publication).

 Before proceeding further in this case, the Court directs each party to brief the
following issues:

(1) The language of Article 46.05 implies that a motion filed under the statute is
filed by the defendant or by someone on his behalf. Can the State, which is
technically a defendant's adversary, file a motion under this Article? Is the
trial court's ruling on such a motion reviewable and, if so, by what authority
and under what standard of review? 


(2) Are appellant's claims concerning the issue of forcible medication properly
before this Court now in either the Article 46.05 review or in the Article
11.071 application for writ of habeas corpus? If not, by what method, if any,
can these claims be reviewed? 


(3) If the forcible medication claims are reviewable, by what standard should they
be reviewed?


Briefs from appellant and the State shall be filed in this Court within 60 days of the date of
this order. 

 IT IS SO ORDERED THIS THE 22nd DAY OF AUGUST, 2012.

Do not publish.
1. See Green v. State, S.W.3d , Nos. AP-76,374, AP-76,376, and AP-76,381 (Tex. Crim. App. June 27, 2012).