**Dismissed and Memorandum Opinion filed May 30, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00292-CR

---

## SHAWN DUNN, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 52nd District Court**
**Coryell County, Texas**
**Trial Court Cause No. FR-10-20260**

---

# M E M O R A N D U M   O P I N I O N

This appeal, along with nineteen other cases, was transferred to this court from the Tenth Court of Appeals by order of the Texas Supreme Court as part of its docket equalization program. *See* Texas Supreme Court Order dated March 26, 2013, Misc. Docket No. 13-9042. The record before this court reflects that on March 5, 2013, appellant filed a *pro se* notice of appeal from various orders denying his post-conviction motions for appointment of counsel and discovery of materials that he asserts were not provided to him at trial.

The Tenth Court of Appeals affirmed appellant's conviction for aggravated

robbery on March 21, 2012, and the Texas Court of Criminal Appeals refused appellant's petition for discretionary review on November 21, 2012. *See Dunn v. State,* No. 10-11-00047-CR, 2012 WL 955376 (Tex. App.—Waco Mar. 21, 2012, pet. ref'd) (not designated for publication). Therefore, appellant's felony conviction is final.

The record filed in this appeal does not contain an order that may be appealed to this court. Accordingly, on April 29, 2013, the court notified the parties that it would consider dismissing this appeal for want of jurisdiction unless any party filed a response on or before May 10, 2013, demonstrating our jurisdiction over this appeal. Appellant has filed a response to this court's notice in which he explains the history of his case. Appellant's response does not demonstrate that we have jurisdiction over this appeal, however.

Generally, an appellate court has jurisdiction to consider an appeal by a criminal defendant only from a final judgment of conviction. *See Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008) (finding no jurisdiction over appeal from trial court's post-judgment order denying time-credit motion). The standard for determining our jurisdiction is not whether an appeal is precluded by law, but whether an appeal is authorized by law. *Id.* at 696-97; *Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (dismissing the defendant's appeal from post-conviction order for defendant to take anti-psychotic medication because it was not authorized by law).

Intermediate appellate courts have no general constitutional or statutory authority to consider appeals of matters arising after a felony conviction is final.[1] The Texas Court of Criminal Appeals has jurisdiction over final post-conviction

[1] By statute, intermediate appellate courts have been granted limited jurisdiction to consider appeals from orders on motions for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc art. 64.05. Our record does not reflect that appellant is attempting to appeal a ruling related to post-conviction DNA testing.

felony proceedings. *See Ater v. Eighth Court of Appeals*, 802 S. W.2d 241, 243 (Tex. 1991); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The exclusive means to challenge a final felony conviction is by seeking habeas corpus relief from the Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). To complain about the trial court's action or failure to act in a post-conviction felony proceeding, an appellant may seek mandamus relief from the Court of Criminal Appeals. *In re Briscoe*, 230 S.W.3d 196, 196-97 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

We lack jurisdiction to consider this appeal of the trial court's rulings on appellant's post-conviction motions. Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).