IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,798






STEVEN KENNETH STALEY, Appellant



v.



THE STATE OF TEXAS






NO. AP-76,868






EX PARTE STEVEN KENNETH STALEY, Applicant






ON REVIEW FROM THE DETERMINATION OF EXECUTION
COMPETENCY AND APPLICATION FOR A WRIT OF HABEAS
CORPUS FROM CAUSE C-2-009642-0387844-C IN THE CRIMINAL
DISTRICT COURT NUMBER TWO

TARRANT COUNTY





 Keller, P.J., filed a dissenting opinion in which Keasler and Hervey,
JJ., joined.


 The Court treats two separate issues in this case as if they were one without adequately
explaining why they should be analyzed as intertwined. In doing so, the Court breathes into
existence a statutory requirement that simply does not exist.

 The relevant statute says that a person is incompetent to be executed if he does not
understand that he is to be executed, and that the execution is imminent, and the reason he is being
executed. (1) The statute prohibits the execution of such a person. (2) The statute has nothing to say
about the manner in which a person becomes competent to be executed.

 One issue in this case is whether a trial court has inherent authority to involuntarily medicate
a death-row inmate in order to enforce a judgment of death. I agree that the issue is properly before
us, but not for the reasons expressed by the Court. As to the merits of this issue, I agree with Judge
Meyers that the trial court did indeed have the authority to involuntarily medicate appellant.

 A second issue is whether appellant is currently competent to be executed. Everyone agrees
that he is. In order to avoid the obvious consequences of this fact, defense counsel invites us to
conflate the issue of authority to medicate with the issue of competence to be executed. He does so
by invoking the contrived concept of "artificial competence." According to this artificial construct,
a person's actual competence to be executed should be disregarded if he is made competent
involuntarily. The Court accepts counsel's invitation, reads this incoherent term into the statute,
ascribes it legal significance, and holds that a person may not be executed if he has become
competent as the result of an unauthorized order to medicate. But a person who is competent only
because of involuntary medication is still competent, and the statute allows such a person to be
executed. (3) 

 While the Court does not dispute the fact that appellant is actually competent to be executed,
in that he meets the requirements of Art. 46.05(h), the Court nevertheless concludes that "[t]he
finding that appellant is competent must be reversed for lack of any evidentiary support." The Court
attempts to reconcile these irreconcilable positions in a manner that is inconsistent with our caselaw
regarding how we review the sufficiency of evidence. For sufficiency purposes, we do not ignore
evidence simply because it was procured through invalid means. (4) To distinguish this case from a
long line of cases that say as much, the Court attempts to analogize this case to Dansby. (5) But in
Dansby we did not ignore evidence at all. We said there that a trial court abuses its discretion in
revoking probation for a defendant's refusal to incriminate himself, and if that refusal has caused his
removal from a probation program, the trial court abuses its discretion in revoking probation for that
reason. (6) Dansby does not support the Court's decision to disregard evidence that appellant is
competent.

 Finally, even if the trial court lacked authority to medicate appellant, the only proper remedy
would be for this Court to overturn the involuntary-medication order. As long as the death-row
inmate is actually competent, he is, by statute, eligible for execution. If, as a result of the overturning
of an involuntary-medication order, the death-row inmate becomes incompetent before he is
executed, then a motion to stay his execution can be filed under Chapter 46. Defense counsel's
creative argument obscures the fact that there is no justification for conflating the issue of authority
to medicate with the issue of competence to be executed.

 I respectfully dissent. 

Filed: September 11, 2013

Publish
1. Art. 46.05(h).
2. Tex. Code Crim. Proc. art. 46.05(a).
3. See Singleton v. Norris, 319 F.3d 1018, 1026-27 (8th Cir. 2003); Staley v. State, 233 S.W.3d
337, 337 n. 3 (Tex. Crim. App. 2007) (citing Singleton). 
4. Winfrey v. State, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013)(dog-scent evidence
admitted at trial is considered in sufficiency review even though evidence is unreliable); Gardner
v. State, 306 S.W.3d 274, 285 n. 6 (Tex. Crim. App. 2009)(statements in a 911 call, even if
improperly admitted, are considered in a sufficiency review).
5. Dansby v. State, 398 S.W.3d 233 (Tex. Crim. App. 2013). 
6. Id. at 241-42.