

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,798

### STEVEN KENNETH STALEY, Appellant

### v.

### THE STATE OF TEXAS

### NO. AP-76,868

### EX PARTE STEVEN KENNETH STALEY, Applicant

### ON REVIEW FROM THE DETERMINATION OF EXECUTION COMPETENCY AND APPLICATION FOR A WRIT OF HABEAS CORPUS FROM CAUSE C-2-009642-0387844-C IN THE CRIMINAL DISTRICT COURT NUMBER TWO
### TARRANT COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.

The Court treats two separate issues in this case as if they were one without adequately explaining why they should be analyzed as intertwined. In doing so, the Court breathes into existence a statutory requirement that simply does not exist.

The relevant statute says that a person is incompetent to be executed if he does not understand that he is to be executed, and that the execution is imminent, and the reason he is being executed.[1] The statute prohibits the execution of such a person.[2] The statute has nothing to say about the manner in which a person becomes competent to be executed.

One issue in this case is whether a trial court has inherent authority to involuntarily medicate a death-row inmate in order to enforce a judgment of death. I agree that the issue is properly before us, but not for the reasons expressed by the Court. As to the merits of this issue, I agree with Judge Meyers that the trial court did indeed have the authority to involuntarily medicate appellant.

A second issue is whether appellant is currently competent to be executed. Everyone agrees that he is. In order to avoid the obvious consequences of this fact, defense counsel invites us to conflate the issue of authority to medicate with the issue of competence to be executed. He does so by invoking the contrived concept of "artificial competence." According to this artificial construct, a person's actual competence to be executed should be disregarded if he is made competent involuntarily. The Court accepts counsel's invitation, reads this incoherent term into the statute, ascribes it legal significance, and holds that a person may not be executed if he has become competent as the result of an unauthorized order to medicate. But a person who is competent only because of involuntary medication is still competent, and the statute allows such a person to be executed.[3]

---

[1] Art. 46.05(h).

[2] TEX. CODE CRIM. PROC. art. 46.05(a).

[3] *See Singleton v. Norris*, 319 F.3d 1018, 1026-27 (8th Cir. 2003); *Staley v. State*, 233 S.W.3d 337, 337 n. 3 (Tex. Crim. App. 2007) (citing *Singleton*).

While the Court does not dispute the fact that appellant is actually competent to be executed, in that he meets the requirements of Art. 46.05(h), the Court nevertheless concludes that "[t]he finding that appellant is competent must be reversed for lack of any evidentiary support." The Court attempts to reconcile these irreconcilable positions in a manner that is inconsistent with our caselaw regarding how we review the sufficiency of evidence. For sufficiency purposes, we do not ignore evidence simply because it was procured through invalid means.[4] To distinguish this case from a long line of cases that say as much, the Court attempts to analogize this case to *Dansby*.[5] But in *Dansby* we did not ignore evidence at all. We said there that a trial court abuses its discretion in revoking probation for a defendant's refusal to incriminate himself, and if that refusal has caused his removal from a probation program, the trial court abuses its discretion in revoking probation for that reason.[6] *Dansby* does not support the Court's decision to disregard evidence that appellant is competent.

Finally, even if the trial court lacked authority to medicate appellant, the only proper remedy would be for this Court to overturn the involuntary-medication order. As long as the death-row inmate is actually competent, he is, by statute, eligible for execution. If, as a result of the overturning of an involuntary-medication order, the death-row inmate becomes incompetent before he is executed, then a motion to stay his execution can be filed under Chapter 46. Defense counsel's

---

[4] *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013)(dog-scent evidence admitted at trial is considered in sufficiency review even though evidence is unreliable); *Gardner v. State*, 306 S.W.3d 274, 285 n. 6 (Tex. Crim. App. 2009)(statements in a 911 call, even if improperly admitted, are considered in a sufficiency review).

[5] *Dansby v. State*, 398 S.W.3d 233 (Tex. Crim. App. 2013).

[6] *Id.* at 241-42.

creative argument obscures the fact that there is no justification for conflating the issue of authority to medicate with the issue of competence to be executed.

I respectfully dissent.

Filed: September 11, 2013
Publish