# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00839-CR

**Robert Lee Martin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 955530, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pro se appellant Robert Lee Martin is appealing from the trial court's order denying his motion for appointment of counsel to assist him in obtaining an order to search the DNA database. *See* Tex. Code Crim. Proc. arts. 64.01-.05. He asserts that the court erred in denying his request for appointed counsel because the database search "would cast serious [doubt] on the State's identification evidence and would provide [Martin] with crucial exculpating evidence." Because we lack jurisdiction over this complaint, we dismiss the appeal.

### Factual and Procedural Background

In 2001, Martin was convicted of aggravated sexual assault and sentenced to life in prison. *See Martin v. State*, No. 03-02-00435-CR, 2003 Tex. App. LEXIS 4138 (Tex. App.—Austin May 15, 2003, pet. ref'd) (mem. op., not designated for publication). Martin filed a motion seeking the appointment of counsel to assist him in obtaining DNA testing in May 2007, the State did

not oppose the motion, and the trial court ordered DNA testing in November 2009. Testing was conducted, and in April 2010, the trial court found that the results showed that the DNA obtained from the victim's vaginal swab was a mixture of a major profile matching Martin's DNA and a minor profile matching the victim.[1] The court found that "[i]n the absence of an identical twin, the DNA profile from the sperm [fraction] of the vaginal swab is identified as originating from Robert Lee Martin." The Court concluded that the results were not exculpatory and that, had the results been available at the original trial, it was reasonably probable that Martin would have been convicted.

In December 2010, Martin filed a motion seeking the appointment of counsel to assist him in obtaining an order to search the State's DNA database, contending that the DNA analyst did not understand how to analyze samples that were mixtures of victim and assailant and that "the victim's sample could be masking the Defendant's sample." He asked to have the DNA database searched because "searching a database for any matches is quite different from comparing a single sample to the entire database or comparing two samples to each other." The State filed a response opposing Martin's request, noting that the earlier testing identified Martin as the source of the DNA found on the victim and arguing that Martin had no right to a search of the database and that he could not show reasonable grounds for further testing or assistance.[2]

---

[1] In Martin's original trial, evidence showed that DNA testing conducted by the Department of Public Safety's crime lab determined that "sperm on [the victim's] vaginal swabs was consistent with Martin's DNA." *Martin v. Thaler*, No. A-08-CA-732-SS, 2009 U.S. Dist. LEXIS 103733, at *14 (W.D. Tex. Nov. 6, 2009).

[2] In July 2011, Martin filed another motion seeking appointed counsel, this time stating he wanted additional testing relevant to the issue of identity of biological material that was not previously tested, specifically, testing of the victim's underwear. However, he does not seem to raise any appellate complaints related to that motion.

The trial court denied Martin's motion, finding that the earlier testing determined that Martin was the source of the DNA found on the victim, that "the frequency of occurrence of the major profile in the sample was one in 3.840 quintillion unrelated individuals," and that there were no reasonable grounds for appointing counsel. The court concluded that Martin had not shown a viable argument that retesting would yield more accurate results and agreed with the State that the code of criminal procedure did not provide for a comparison of test results with the State's database.

On appeal, Martin argues that he should be appointed counsel because an attorney could make an argument based on a statistical analysis of the DNA findings, could argue for a database search, and could seek to have the State required "to determine how many 13 loci matches there are in" the DNA database.

**Discussion**

An appeal in a criminal case is permitted only when specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) (right of appeal "is a statutorily created right"); *see also Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) ("The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law."). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).

A convicted person may submit to the convicting trial court a motion seeking DNA testing if the motion is accompanied by an affidavit and seeks testing of biological material not

3

previously tested or subject to newer test techniques that are reasonably likely to produce more accurate and probative results than the earlier test. Tex. Code Crim. Proc. art. 64.01(b). The person seeking testing is entitled to appointed counsel for a proceeding related to DNA testing if the court "finds reasonable grounds" for the motion. *Id.* art. 64.01(c); *see Ex parte Gutierrez*, 337 S.W.3d 883, 899 (Tex. Crim. App. 2011) (person seeking post-conviction DNA testing has limited right to appointed counsel to pursue testing). However, the denial of a request for appointed counsel to assist in filing a motion for post-conviction DNA testing is not immediately appealable. *Gutierrez v. State*, 307 S.W.3d 318, 322-23 (Tex. Crim. App. 2010) (recognizing distinction between "issues that may be litigated on appeal and issues that are immediately appealable" and holding that "decision to deny appointed counsel [to assist in obtaining post-conviction DNA testing] is not an 'appealable order'").

Chapter 64 only permits an appeal from an order denying testing or an order related to testing results. *See id.*; *see also* Tex. Code Crim. Proc. arts. 64.05 (authorizing appeal related to post-conviction DNA testing "under this chapter"), .03 (providing specific requirements that must be met for court to grant post-conviction DNA testing), .04 (setting forth trial court's duty to hold hearing and make findings after examining DNA test results). Chapter 64 does not provide for an appeal from an order on a motion ancillary to the DNA test proceeding. *See Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) ("Appellant does not cite, nor have we found, any constitutional or statutory provision or any rule that would authorize this appeal from the trial court's interlocutory order."); *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992) ("a party may appeal only that which the Legislature has authorized").

Martin sought appointed counsel to assist him not in obtaining DNA testing, which he has already obtained, but in having those test results compared to the statewide DNA database.

4

That request does not fall within the purview of Chapter 64 and is therefore not reviewable on appeal. *Cf. Wolfe v. State*, 120 S.W.3d 368, 371 (Tex. Crim. App. 2003) (addressing whether, under 2003 version of Article 64.05, court of appeals had jurisdiction to review trial court's denial of request to appoint DNA expert). We therefore dismiss the appeal for lack of jurisdiction.[3]

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Field

Dismissed for Want of Jurisdiction

Filed:   January 23, 2014

Do Not Publish

---

[3] Even if we were to consider the merits of Martin's complaints, we would affirm the trial court's order. Martin has already availed himself of Chapter 64's procedure for seeking counsel to assist in obtaining DNA testing, testing was conducted pursuant to the trial court's November 2009 order, and the results conclusively identified Martin as the source of the DNA. A trial court must order *unidentified* DNA profiles to be compared to the State's and the FBI's databases, Tex. Code Crim. Proc. art. 64.035, but Martin is not entitled to counsel to help him have *identified* DNA compared to the State's database. *See* Tex. Code Crim. Proc. arts. 64.01-.05. Even if we were to assume that the trial court could appoint counsel to assist in obtaining a database search, Martin has not shown "reasonable grounds" to pursue further information related to DNA testing. *See id.* arts. 64.01(c) (convicted person is entitled to counsel to assist in obtaining DNA testing if trial court finds reasonable grounds for motion), .03(a) (explaining limited circumstances under which trial court may order DNA testing). Earlier testing already showed that Martin was the source of the DNA and that only one in 3.840 quintillion unrelated people would have the same DNA profile, and Martin has not shown any reasonable argument to explain how further testing or a comparison with the DNA database might yield exculpatory information.