IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-77,035






JUAN CARLOS ALVAREZ, Appellant



v.



THE STATE OF TEXAS






ON DIRECT APPEAL FROM THE TRIAL COURT'S RULING ON A MOTION
FILED IN CAUSE NO. 787007 IN THE 338TH DISTRICT COURT

HARRIS COUNTY




 Per curiam.


O P I N I O N



 This is an attempted direct appeal of the trial court's ruling on a motion filed in the
338th District Court of Harris County, Cause No. 787007, styled Ex parte Juan Carlos
Alvarez.

 Appellant was convicted of capital murder and sentenced to death in 1999. This Court
affirmed the conviction and sentence on direct appeal. Alvarez v. State, No. 73,648 (Tex.
Crim. App. Oct. 30, 2002) (not designated for publication). Relief was denied on appellant's
initial post-conviction application for writ of habeas corpus. See Ex parte Alvarez,
WR-62,426-01 (Tex. Crim. App. Sept. 24, 2008) (not designated for publication). His
subsequent post-conviction application was dismissed as an abuse of the writ. See Ex parte
Alvarez, WR-62,426-02 (Tex. Crim. App. Sept. 15, 2010) (not designated for publication).

 While appellant's federal habeas petition was pending, appellant moved the federal
district court to stay the proceedings so that he could present an unexhausted claim in state
court. Alvarez v. Thaler, No. 4:09-CV-3040 (S.D. Tex. June 6, 2013) (not designated for
publication). The federal district court granted the motion. Id.

 On January 27, 2014, appellant filed a "Motion for Leave to File Under Seal, and to
Litigate Ex parte, a Motion for Pre-Application Funds for Investigation and Experts." In the
motion, appellant asserted that his initial state habeas counsel had been incompetent to
represent him because counsel suffered from Parkinson's disease, a debilitating illness which
later prompted counsel's withdrawal from the case. The trial court denied appellant's
motion, stating that the trial court was without authority to permit appellant to seek expert
or investigative funds in an ex parte hearing before this Court authorized the filing of a
subsequent writ. Appellant filed a notice of appeal from the trial court's order.

 Appellant's appeal is not permitted. Appellant does not cite, nor have we found, any
constitutional or statutory provision or any rule that would authorize this appeal from the trial
court's order. See Staley v. State, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007). Appellant's
appeal is dismissed.


Do not publish

Delivered: May 7, 2014