

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00075-CR

**PAUL SERRATO,**

                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                          **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2003-171-C

## MEMORANDUM OPINION

Paul Serrato attempts to appeal from the trial court's denial of his "Motion to Vacate Conviction and Sentence Due to the Government's Failure to Comply with Terms of Plea Agreement Which Now Renders Mr. Serrato's Guilty Plea Involuntary and Unknowing." Serrato's petition relates to his July 2003 conviction for the offense of possession of a controlled substance.

The certificate of the right to appeal for Serrato's July 2003 conviction states that it was a plea bargain case and he has no right to appeal and that he waived his right to

appeal. *See* TEX. R. APP. P. 25.2(d). The record contains a written waiver of appeal signed by Serrato.

Serrato previously filed a "Petition to Vacate Execution of Sentence Imposed and Recall of Jail and Prison Credits Awarded" related to the same July 2003 conviction for possession of a controlled substance. The trial court denied that petition, and this Court dismissed the appeal for want of jurisdiction. Serrato then filed in the trial court the motion to vacate the conviction based upon the same circumstances surrounding the plea agreement. The trial court dismissed the motion for want of jurisdiction on January 3, 2014. Serrato did not appeal from the trial court's January 3 order dismissing his motion to vacate. Serrato filed a petition to reconsider the January 3 order, and the trial court denied the petition on February 26, 2014. Serrato attempts to appeal from the trial court's February 26 order denying his petition to reconsider.

The Texas Rules of Appellate procedure provide that a "defendant has the right to appeal under Code of Criminal Procedure article 44.02 and these rules" when the trial court has entered "a judgment of guilt or other appealable order." TEX. R. APP. P 25.2(a)(2); *see Staley v. State*, 233 S.W.3d 337, 338, Fn. 4 (Tex. Crim. App. 2007). Because Serrato is not appealing from a final judgment or other appealable order, we lack jurisdiction to consider this appeal.

Accordingly, the appeal is dismissed.



AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Dismissed
Opinion delivered and filed June 5, 2014
Do not publish
[CR25]