

# NUMBER 13-15-00397-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TRINITY RINGELSTEIN,**                                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                 **Appellee.**

---

### On appeal from the 148th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Memorandum Opinion Per Curiam**

On October 31, 2014, appellant was convicted of capital murder.[1]   *See* TEX. PENAL

CODE ANN. § 19.03(c) (Vernon 2011).   On August 4, 2015, the trial court entered an order

---

[1]   An appeal is pending before this Court in cause number 13-15-00088-CR.

denying appellant's "Motion for Reconsideration of State's Motion for Abatement."   On August 24, 2015, appellant filed a notice of appeal regarding this post-judgment order.

On August 31, 2015, the Clerk of this Court notified appellant's counsel that it appeared there was not an appealable order and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.   Appellant's counsel filed a response to this notice, stating that appellant does not wish to pursue his appeal and provided a copy of a withdrawal of notice of appeal filed with the district clerk.   Counsel was advised to file a motion to dismiss appeal with this Court in accordance with Texas Rule of Appellate Procedure 42.2(a).   *See* TEX. R. APP. P. 42.2(a) (allowing the voluntary dismissal of a criminal appeal but requiring "appellant and his or her attorney" to sign the motion to dismiss).   According to subsequent communications with appellant's counsel, appellant was sent a motion to dismiss for signature, but has not signed the motion.

In examining whether or not we have jurisdiction over an appeal, we determine "not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-697 (Tex. Crim. App. 2008).   Absent exceptions not applicable to the instant case, a criminal defendant may only appeal a final judgment of conviction.   *See id.*; *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *see also* TEX. CONST. art. V, § 6(a), (delineating the appellate jurisdiction of the appellate courts); TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon) (stating that a criminal defendant "has the right of appeal under the rules hereinafter prescribed"); TEX. R. APP. P. 25.2(a)(2) (providing that a defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules").   In such cases, the notice of appeal must be filed timely

or we lack jurisdiction over the appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

In this case, we have not found any rule or any statutory or constitutional provision that would authorize an appeal from a post-judgment order denying appellant's motion for reconsideration of the State's motion for abatement. *Abbott*, 271 S.W.3d at 697; *see Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (dismissing the defendant's appeal because it was not authorized by law).

The Court, having examined and fully considered the notice of appeal and the matters before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein. Because there is no appealable order, we DISMISS the appeal for want of jurisdiction.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of October.

3