# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00273-CR

---

**Darrell J. Harper, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 147TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-11-904087, THE HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Darrel J. Harper filed a notice of appeal in this Court giving written notice of appeal of an order denying a post-conviction "motion to forgive unpaid fines/court costs" that he filed in the trial court.[1]

In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) (stating that criminal defendant's right of appeal "is a statutorily created right."). Thus, the standard for determining

---

[1] Appellant was convicted of terroristic threat and retaliation, *see* Tex. Penal Code §§ 22.07(a)(6), 36.06, and sentenced to six years in prison for each offense, *see id.* § 12.34. This Court affirmed appellant's convictions on appeal. *See Harper v. State*, No. 03-12-00075-CR, 2014 WL 1801747, at *5 (Tex. App.—Austin Apr. 30, 2014, no pet.) (mem. op., not designated for publication). The record reflects that the district clerk sent appellant a Notice of Unpaid Fines/Court Costs seeking payment of the court costs imposed in connection with his conviction for terroristic threat. Appellant filed the above-described motion. The trial court signed an order denying the motion.

whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)); *see* Tex. Const. art. V, § 6(a) (providing that courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law"); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (explaining that "[j]urisdiction must be expressly given to the courts of appeals in a statute"). We find no statutory authority granting appellant the right to appeal the denial of a post-conviction motion seeking forgiveness of unpaid statutorily mandated court costs imposed upon conviction. *See* Tex. Code Crim. Proc. art. 42.16 (requiring trial court to "adjudge the costs against the defendant, and order the collection thereof" when punishment imposed is "any other than a fine").

We hold that we lack jurisdiction in this appeal because there is no statutory authority for the appeal that appellant attempts here. *See, e.g.*, *Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (dismissing appeal because it was not authorized by law). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Dismissed for Want of Jurisdiction

Filed: August 28, 2020

Do Not Publish