# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00045-CR

---

**Keith Anthony Collins, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 73281, THE HONORABLE STEVEN J. DUSKIE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Keith Anthony Collins filed a notice of appeal in this Court giving written notice of appeal of an order denying a post-conviction "MOTION REQUESTING COURT ORDER RELEASE OF PRE-SENTENCE INVESTIGATION REPORT IN ABOVE CASE" that he filed in the trial court.[1]

In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) (stating that criminal

---

[1] A jury convicted appellant of aggravated robbery, *see* Tex. Penal Code §§ 29.02, .03, and the trial court sentenced him to life in prison pursuant to the habitual offender provision of the Penal Code, *see id.* § 12.42(d). This Court affirmed appellant's conviction on appeal. *See Collins v. State*, No. 03-15-00629-CR, 2016 WL 768447, at *5 (Tex. App.—Austin Feb. 26, 2016, pet. ref'd) (mem. op., not designated for publication). Five years after his sentencing, appellant filed the above-described motion seeking to obtain a copy of the report resulting from the pre-sentence investigation ordered by the trial court prior to appellant's sentencing. *See* Tex. Code Crim. Proc. art. 42A.252. The trial court signed an order denying the motion.

defendant's right of appeal "is a statutorily created right."). Thus, the standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)); *see* Tex. Const. art. V, § 6(a) (providing that courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law"); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (explaining that "[j]urisdiction must be expressly given to the courts of appeals in a statute"). We find no statutory authority granting appellant the right to appeal the denial of a post-conviction motion seeking a copy of the pre-sentence investigation report.

Because there is no statutory authority for the appeal that appellant attempts here, we hold that we lack jurisdiction in this appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *see, e.g.*, *Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (dismissing appeal because it was not authorized by law).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Dismissed for Want of Jurisdiction

Filed:  February 12, 2021

Do Not Publish