# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00417-CR

---

**Jason Lenderman, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 21DCR85475, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Jason Lenderman seeks to appeal the trial court's order denying his pretrial motion to reduce bond.

In criminal cases, the standard for determining whether a Texas appellate court has jurisdiction "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)); Tex. Const. art. V, § 6(a) (providing that courts of appeal have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law"). Because this standard extends to interlocutory appeals, "courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). No grant of jurisdiction exists for an appeal from an interlocutory order

denying a motion for bond reduction.[1]  *Compare id., with Ex parte Gill*, 413 S.W.3d 425, 426 (Tex. Crim. App. 2013) (considering appeal from denial of writ of habeas corpus under Article. 17.151).

Because we lack jurisdiction to review the interlocutory order that is the subject of this appeal, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f); *see, e.g.*, *Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (dismissing appeal because it was not authorized by law).

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker and Kelly

Dismissed for Want of Jurisdiction

Do Not Publish

Filed:  July 22, 2022

---

[1]  After the trial court denied his motion to reduce bond, but before he filed his notice of appeal, Lenderman filed an application for writ of habeas corpus seeking bail reduction.  Nothing in the record before us indicates that the trial court has ruled on Lenderman's application, and his notice of appeal states only that he is "appealing [the trial court's decision] made on June 10, 2022," the date the trial court signed the order denying his motion to reduce bond.