# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00863-CR

**Charles Christopher Lancaster, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
### NO. 10,208, JUDGE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Charles Christopher Lancaster has filed a notice of appeal in this Court. For the reasons that follow, we dismiss the appeal for want of jurisdiction.

## BACKGROUND

In October 2003, a jury convicted appellant of aggravated kidnapping and burglary of a habitation and, pursuant to the habitual offender provision of the Penal Code, assessed his punishment at imprisonment for life and for 99 years, respectively. *See* Tex. Penal Code §§ 20.01, 30.02, 12.42(d).

On September 17, 2019, appellant filed a motion entitled *Motion for Discovery and Inspection of Evidence and Information Which May Lead to Evidence Texas Code of Criminal Procedure, Article 39.14*.

On October 21, 2019, appellant filed a second request seeking the appointment of counsel to assist him in obtaining post-conviction DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure.[1]

The trial court signed an order denying "the foregoing motion" on October 30, 2019. This order, designated in the clerk's record as "Order on Motion for Appointment of Counsel," was filed by the district clerk on October 31, 2019, and appears in the clerk's record immediately following appellant's second request for appointed counsel.

On November 22, 2019, appellant filed a notice of appeal "from the Order of the Court on: October 31, 2019, Denying the Defendant's Motion for Discovery pursuant to Texas Code of Criminal Procedure art. 39.14, in the instant case."

## DISCUSSION

In criminal cases, this Court has jurisdiction to consider appeals from the entry of an appealable order. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 26.2(a)(1). However, there must be a written, signed order from which to appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (noting that "precedent requires that an order be in writing"). Here, the record before us does not appear to contain a written order signed by the trial court denying appellant's post-conviction motion for discovery. However, even had the trial court signed an order denying appellant's post-conviction motion for discovery—or if the order in the record is denying appellant's post-conviction motion for discovery—we find no authority for appellant to appeal such an order.

---

[1] Appellant first filed a request seeking the appointment of counsel to assist him in obtaining post-conviction DNA testing pursuant to Chapter 64 in December 2016. The trial court signed an order denying the request in January 2017.

2

In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) (stating that criminal defendant's right of appeal "is a statutorily created right."). Thus, the standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)); *see* Tex. Const. art. V, § 6(a) (providing that courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law"); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (explaining that "[j]urisdiction must be expressly given to the courts of appeals in a statute"). We find no statutory authority granting appellant the right to appeal the denial of a post-conviction motion for discovery.

Further, to the extent that appellant seeks to appeal the denial of his request for appointed counsel under Chapter 64 of the Code of Criminal Procedure—which is what the October 30, 2019 signed order in the record appears to be—the trial court's decision to deny a request for appointed counsel to assist in filing a motion for post-conviction DNA testing is not immediately appealable. *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010); *Ex parte Robertson*, No. 03-18-00103-CR, 2018 WL 2074653, at *1 (Tex. App.—Austin May 4, 2018, no pet.) (mem. op., not designated for publication); *see Whitfield v. State*, 430 S.W.3d 405, 408 n.11 (Tex. Crim. App. 2014) (recognizing that judge's refusal to appoint counsel for post-conviction DNA testing is not immediately "appealable order" under 64.05 "because it is a preliminary decision that is appropriately reviewed as alleged error after a motion for DNA testing is denied").

3

## CONCLUSION

We hold that we lack jurisdiction in this appeal because (1) there is no signed written order denying appellant's post-conviction motion for discovery, *see, e.g.*, *Sanavongxay*, 407 S.W.3d at 259 (affirming appellate court's dismissal for lack of jurisdiction because there was no written order from which to appeal), (2) there is no statutory authority for the appeal that appellant attempts here, *see, e.g.*, *Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (dismissing appeal because it was not authorized by law), and, in the alternative, (3) the trial court's denial of appellant's request for appointed counsel under Chapter 64 to pursue post-conviction DNA testing is not a separately appealable order, *see Gutierrez*, 307 S.W.3d at 323; *Robertson*, 2018 WL 2074653, at *1.  Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

 

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:  March 5, 2020

Do Not Publish